## WAIT *vs.* GREEN.

C. sold a horse to B., who gave his promissory note for the price, at the foot of which was a memorandum, also signed by him, stating that the note was given for a horse, and that C. was to hold the horse as her property until the note was paid. The sale was accompanied, or followed immediately by an unconditional delivery, and a continued possession by B. The latter, being thus by the act of the vendor, clothed with the apparent right of absolute ownership, and claiming to be the owner, with the accompanying *indicia,* sold the property to G., who purchased and paid for it in good faith, for a valuable consideration and without knowledge of any claim or equity in a third party, or any thing to put him on inquiry. *Held,* that G. was entitled to be protected as a *bona fide* purchaser without notice, against the claim of a holder of the note.

Where there has been a sale and delivery of property, coupled with a condition that security shall be furnished, or the property paid for, at a future day, the right of the vendor will be good, as against the buyer and his voluntary assignee, but not as against a *bona fide* purchaser from the vendee.

This is the rule where both the sale and delivery are conditional. If the sale is conditional, but the delivery *unconditional* and absolute, the title of a *bona fide* purchaser from the conditional vendee is beyond question.

REPLEVIN, for a horse. In his answer, the defendant alleged that on the second day of June, in the year 1850, one Thomas E. Billington was in possession of the horse

mentioned and described in the complaint, as the absolute owner thereof; and that the defendant, on or about the day aforesaid, in good faith and for a valuable consideration paid by him to the said Billington therefor, purchased the said horse, and thereupon became and still is the owner thereof.

The proof was, that, on the 31st of May, 1860, Thomas E. Billington purchased a horse of Catherine Comins, and gave in exchange his own note payable to Mrs. Comins or bearer, with interest, in five months thereafter. At the bottom of the note was a memorandum in these words : " Given for one bay horse. The said Mrs. Comins holds the said horse as her property until the above note is paid." This memorandum was also signed by Billington. Early in the month of June thereafter, Billington, claiming to be the absolute owner of the horse, sold him to the defendant, who purchased him in good faith and gave to Billington in exchange another horse and $65 in money. During the same month of June, Mrs. Comins transferred the note of Billington to the plaintiff, without any written assignment or transfer, but by delivery merely, receiving in exchange certain personal property. September 22, 1860, more than a month before the maturity of the note, the plaintiff, on hearing of Billington's sale to the defendant, called on the defendant, showed him the note and condition or agreement attached to it, and demanded of him the horse, or pay for him. The defendant refused to deliver or pay for the horse. Thereupon the plaintiff commenced this action and claimed and obtained the delivery of the horse to him.

The jury, under the direction and order of the justice, at the circuit, found a verdict for the plaintiff, and assessed the value of the horse at $75, upon which finding the plaintiff moved for judgment.

*L. H. Brown,* for the plaintiff.

*J. F. Starbuck,* for the defendant.

Wait *v.* Green.

*By the Court,* Bacon, J.   This action seems to have been either very imperfectly tried, or very meagerly reported.   So far as any direct evidence is concerned, two very essential points are either undetermined, or are to be assumed or inferred mainly from other facts proved in the case.

Thus it seems not to be entirely clear that the plaintiff purchased any thing but the promissory note which Billington gave on the purchase he made of the horse from Mrs. Comins.   It is true that both instruments were delivered to the plaintiff at the time of the transaction between himself and Mrs. Comins, the payee of the note, and that the document would appear to have been received as a sort of substitute for the guaranty of the note which the plaintiff desired, but there is no assignment of the writing, as such.   Mrs. Comins delivered the note and the memorandum signed by Billington at the bottom, and upon the same paper, saying to the plaintiff that the horse was hers until paid for.   No inquiry was made as to where the horse was, and it is quite clear that it was not then in the possession of Mrs. Comins.

The other point, as to the delivery and possession of the horse at and after the giving and transfer of the note, is left equally at large, so far as any direct evidence is concerned, but the implication is perhaps strong enough from what appears in the case to justify the conclusion that the horse was delivered by Mrs. Comins, the vendor, to Billington, the vendee, upon the latter executing and delivering to the former the note and memorandum annexed thereto.

The note bears date the 31st of May, and early in the following June the horse was purchased of Billington by the defendant, and was delivered to him, and, on the purchase of the note by the plaintiff in the same month of June, it is certain that the horse was not in the possession of Mrs. Comins.

To put the case, then, in the aspect warranted by the evidence, and the reasonable inferences to be drawn from all the circumstances, it may fairly be stated thus:   There was a conditional sale of the horse to Billington, which was ac-

companied, or followed immediately, by an unconditional delivery, and a continued possession by him. Billington was thus, by the act of the vendor, clothed with the apparent right of absolute ownership, and claiming to be such owner, with the accompanying *indicia,* he sold the property to the defendant, who purchased and paid for it in good faith, for a valuable consideration and without knowledge of any claim or equity in a third party, or any thing to put him on inquiry after any such claim.

Upon this state of facts, I think the defendant, upon well settled principles, is entitled to be protected.

The question here is not between the vendor, Mrs. Comins, or her assignee, and the vendee, Billington. Neither is it between the plaintiff and a creditor of Billington, by judgment or otherwise, nor between the plaintiff and a voluntary assignee of Billington, to whom the property has been transferred in trust for creditors, as are most of the cases which hold that such a right as the plaintiff claims can be asserted against parties thus situated. It is undoubtedly true, as is stated by Justice Allen in *Ludden* v. *Hazen,* (31 *Barb.* 650,) that "personal property may be sold and delivered under an agreement for the payment of the price at a future day, and the title, by express agreement, remain in the vendor until the payment of the purchase price." Such are the cases where goods are sold, and on delivery the payment is to be made by security cotemporaneously furnished or to be given at a future day. If the delivery is accompanied by a declaration on the part of the vendor that he shall not consider the goods as sold until the security be given; or if that be the implied understanding of the parties; the sale is conditional, and the title to the property does not pass by the delivery, as between the original parties. But this rule does not obtain where the rights of a *bona fide* purchaser from the vendee have intervened; and so the rule is stated by Chancellor Kent, after laying down the foregoing proposition. (2 *Kent's Com.* 498.) Indeed, the doctrine in this state has been

carried much farther than this. The case of *Mowrey* v. *Walsh*, (8 *Cowen*, 238,) decided that where a party obtained goods by a fraudulent purchase, wholly void as to himself, yet if he afterwards sold them to a *bona fide* purchaser, without notice of the fraud, the property passed to the latter. The party fraudulently dispossessed of his property could only reclaim it as against the fraudulent vendee, or prevent its sale upon an execution against him. Whether this is to be accepted as the law with us, to the entire extent of the rule laid down in that case, it is not necessary now to inquire. But the proposition of Kent, that where there has been a sale and delivery of property, coupled with a condition that security shall be furnished, or the property paid for at a future day, the right of the vendor will be good as against the buyer and his voluntary assignee, but not as against a *bona fide* purchaser from the vendee, is declared by many cases both in this and other states, and is not, I think, questioned by any well considered authority in this country.

The case of *Haggerty* v. *Palmer* (6 *John. Ch.* 437) was the case of a conditional sale and delivery of goods, which the purchaser subsequently transferred to the defendant by a voluntary assignment for the benefit of creditors. The chancellor held that this did not deprive the plaintiff of his right to reclaim the property, as there was no intervening claim of a purchaser for a valuable consideration. And he adds, "if the goods had been fairly sold by P., the purchaser, the remedy would have been gone." *Hassey* v. *Thurston* (4 *Mass. Rep.* 405) was replevin against an officer who had taken the goods upon an execution on a prior judgment against the defendant, who had purchased them of the plaintiff upon a conditional sale and delivery. Ch. J. Parsons held that the plaintiff could recover, but he takes occasion to draw the true distinction, thus: "Had the demands of the creditors of the vendees originated while the goods were in the possession of the vendees, so that it might fairly be presumed that a false credit was given to them, or *had they sold them bona*

*fide and for a valuable consideration,* our opinion would have been otherwise." The principle of these and other cases is recognized in *Fleeman* v. *McKean,* (25 *Barb.* 474,) and the doctrine is explicitly held in *Smith* v. *Lynes,* (1 *Seld.* 41.) That was a case where a conditional delivery was claimed on the part of the plaintiff, and the court held that where the delivery was complete, the burden of proof to establish the alleged condition was upon the plaintiff, and that after actual delivery, (although as between the parties such delivery may be conditional,) a *bona fide* purchaser from the vendee gets a perfect title.

These cases proceed upon the ground of a conditional sale and delivery, which is putting the present case in the most favorable aspect for the plaintiff; but if the sale here was conditional, but the delivery unconditional and absolute, the defendant's right is clearly established; for in such a case the title of the *bona fide* purchaser is beyond question. (*See Caldwell* v. *Bartlett,* 3 *Duer,* 352.)

No case has been cited by the plaintiff's counsel at all in conflict with these decisions. *Herring* v. *Williard* (2 *Sand. S. C. Rep.* 418) was an action between the vendor and vendee, where the former alleged and proved a conditional sale, and the rights of a purchaser were not in question. *Strong* v. *Taylor,* (2 *Hill,* 326,) and *Burnett* v. *Prichard,* (2 *Pick.* 412,) were both replevin against an officer who had seized the goods upon an execution against the conditional vendee, and the principle which allowed a recovery against them is not at all in conflict with that which gives effect to the title of a *bona fide* purchaser from the vendee. The defendant in this case is entitled to judgment, and it is ordered accordingly.

[ONEIDA GENERAL TERM, January 7, 1862. *Bacon, Allen, Mullin* and *Morgan,* Justices.]