## William Hirschorn & another *vs.* George W. Canney & another.

H., a trader in New York, sold there to E., a trader in Boston, certain goods on condition that E. should send his notes in payment therefor, and shipped the goods to Boston and mailed to E. a bill of lading of them, at the same time requesting him to send his notes in payment; but he never did so. C. bought the goods of E., in Boston, in good faith and regular course of business. *Held*, that H. might replevy them from C., in Massachusetts, notwithstanding the New York Sts. 1858, *c.* 326; 1859, *c.* 353, which provide that a bill of lading of goods deposited with any person may be transferred by indorsement and the person to whom it is indorsed shall be deemed to be the owner of the goods so far as to give effect to any transfer of them by him.

Replevin of seventy thousand cigars. The plaintiffs were tobacco dealers in New York; the defendants, the same in Boston.

At the trial in the superior court, before *Brigham*, J., there was evidence tending to show that George H. Eaton, also a tobacco dealer in Boston, bought the cigars from the plaintiffs, at their place of business in New York, " on the condition that if his references should be satisfactory they would ship the cigars to him, and he should send his notes in payment; " that they after-

wards wrote to him that his references were entirely satisfactory, and they would ship the cigars the next day; that they shipped them accordingly, and sent to him by mail a bill of lading thereof inclosed in a letter reading as follows: " We have the pleasure to inclose bill of lading of ten cases cigars. Please remit us your notes for the amount of bill ; " that Eaton received the cigars, and soon afterwards sold them in the usual course of business to the defendants ; but that he never sent his notes to the plaintiffs in payment for them.

The defendants, relying upon the fact that they were purchasers of the goods in good faith, and also on the New York Sts. of 1858, *c.* 326, § 6, and 1859, *c.* 353, (which they introduced in evidence, and which are quoted in the opinion of this court,) asked the judge to instruct the jury that, if they should find that the sale of the cigars by the plaintiffs to Eaton was made in New York, and that the plaintiffs delivered to Eaton a bill of lading simultaneously with their delivery of the cigars, then the plaintiffs were estopped from reclaiming the cigars from one who bought them in good faith from Eaton. But the judge refused so to rule, and ruled that, if the jury should find that the plaintiffs sold the cigars to Eaton on condition that he should give his notes in payment, and had never waived that condition, they should find for the plaintiffs.

A verdict was returned for the plaintiffs ; and the defendants alleged exceptions.

*M. E. Ingalls,* for the defendants.

*R. M. Morse, Jr.,* for the plaintiffs.

CHAPMAN, J. The sale and delivery of the goods by the plaintiffs to Eaton were on condition that he should send his notes in payment. As he did not perform the condition, the title did not vest in him ; and it was settled in *Coggill* v. *Hartford & New Haven Railroad Co.* 3 Gray, 545, that in such case the vendee could convey no title as against the vendor, who had not been guilty of laches, to a *bonâ fide* purchaser. This doctrine has since been repeatedly affirmed. See *Sargeant* v. *Metcalf,* 5 Gray, 306 ; *Blanchard* v. *Child,* 7 Gray, 155 ; *Burbank* v. *Crooker,* Ib. 158 ; *Deshon* v. *Bigelow,* 8 Gray, 159.

The defendants are *bonâ fide* purchasers from Eaton ; but, admitting that they could not hold the property under the decisions of this court, yet, as it appears that the sale was made by the plaintiffs to Eaton in New York, they offer in evidence the following clause of the statutes of New York, and contend that they can hold the property under these provisions :

" Warehouse receipts given for any goods, wares, merchandise, flour, produce or other commodity, stored or deposited with any warehouseman, wharfinger or other person, may be transferred by indorsement thereof; and any other person to whom the same may be so transferred shall be deemed and taken to be the owner of the goods, wares and merchandise therein specified, so far as to give validity to any pledge, lien or transfer made or created by such person or persons; but no property shall be delivered except on the surrender and cancellation of said original receipts, or the indorsement thereon of such delivery in case of partial delivery. All warehouse receipts, however, which shall have the words ' not negotiable ' plainly written or stamped on the face thereof, shall be exempt from the provisions of this section." Also an amendment to this clause as follows : " All the sections of this act hereby amended shall apply to and be applicable to bills of lading, and to all persons or corporations that shall or may issue bills of lading of any description, the same as if the words ' forwarder ' and ' bills of lading ' were mentioned in each and every section of said act."

But this act does not appear to us to have any application to this case ; for the defendants purchased the goods from Eaton at his store in Boston, and it does not appear that he gave them any indorsement or transfer of a warehouse receipt, or bill of lading. The fact that the plaintiffs gave to Eaton a bill of lading in New York would not of itself bring the case within the statute.

It is further contended that the courts of the state of New York hold that in the case of a conditional sale and delivery, if the vendee sells the property to a *bonâ fide* purchaser, the latter can hold it as against the vendor. There are decisions which seem to sustain this position. *Wait* v. *Green*, 35 Barb. 585, and

cases cited. *Smith* v. *Lynes*, 1 Seld. 41. But it is held by the present court of appeals of that state that where the sale and delivery are conditional no title passes to the vendee. *Herring* v. *Hoppock*, 15 N. Y. 409. *Hasbrouck* v. *Lounsbury*, 26 N. Y. 598. If this be so, it is difficult to see how he can give a good title to a *bonâ fide* purchaser any more than the bailee of a horse to go a journey can make a valid sale of the horse. If he has no title, how can he communicate one ?

But, however this may be in New York, the sale to the defendant was made in this state ; and, when Eaton brought the property here, he held it subject to our laws, and could convey no title except such as is valid by our laws. By the authority of the cases cited above, he could not make a sale to the defendant which would be valid against the plaintiffs.

*Exceptions overruled.*