GEORGE ADAMS *vs.* PATRICK O'CONNOR & another.

One who has taken possession of goods under a bill of lading can maintain an action for
their conversion against one who shows no better title; and where both parties claim un-
der the bill of lading, its admission in evidence without proof of genuineness is no ground
of exception.

On a sale of goods for cash, no title vests in the purchaser till the price is paid.

In an action by a pledgee of goods against a third party for their conversion, the measure
of damages is the full value of the goods.

One who has contracted to purchase goods, and has paid the freight and storage thereon,
but has made such payment not in good faith in accordance with the terms of the con-
tract, cannot, on his failure to perform the contract, demand the amount so paid as a con-
dition precedent to his returning the goods to the owner.

TORT *to recover the value of* twenty-five barrels of whiskey.
At the trial in the superior court, before *Morton*, J., the plain-
tiff introduced evidence tending to show that George M. Fowle
& Company received three bills of lading and an invoice of the
whiskey from St. Louis, and a draft drawn on them against the
whiskey, and that, being unable to pay the draft, they applied
to the plaintiff for money to enable them to pay it; that the
plaintiff thereupon advanced the amount of the draft, and Fowle
& Company indorsed the bills of lading to him, which the plain-
tiff took, together with an invoice of the whiskey; that upon
the arrival of the whiskey, a few days afterwards, the plaintiff
went with Fowle to the depot, took samples of the whiskey, ex-
hibited his bills of lading to the freight agent, and agreed to
pay the freight and storage thereof; that the plaintiff authorized
Fowle to sell the whiskey, on the understanding that upon the
sale Fowle was to repay him the amount of his advances, inter-
est, expenses and charges; that Fowle made a contract with
the defendants for the sale of the whiskey for cash; and that
the defendants, with Fowle, went to the depot, and the defend

ants, at Fowle's request, paid the freight and storage due on the whiskey, and took possession of it, but did not then pay for it, and have not since paid for it; and that the plaintiff thereupon called on the defendants, exhibited his bills of lading, told them the whiskey was his, and demanded it of them, but they refused to deliver it.

There was no other evidence as to the issuing of the bills of lading or the genuineness of the signatures thereto. The defendants objected to their admissibility, but the court ruled that they were admissible as a part of the transactions between the parties.

The plaintiff also introduced evidence tending to show that the defendants entered into the contract with Fowle and paid the freight and took possession of the whiskey with the intent and purpose to defraud Fowle & Company.

The defendants claimed that the sale to them by Fowle was not for cash, but upon credit.

The defendants asked the court to rule that the measure of damages would be the amount due the plaintiff for the advances made by him to Fowle & Company, and not the whole value of the whiskey, if it exceeded that; and that if the defendants were entitled to have the amount paid by them for freight and storage deducted from the amount of damages, the jury might find that that sum should have been paid or tendered by the plaintiff to them before suit brought.

But the court declined so to rule; and, among other things, instructed the jury that, by the assignment of the bills of lading to the plaintiff by Fowle & Company, and the delivery of the whiskey as stated, the plaintiff became the owner and entitled to the possession of the whiskey, as against all strangers or persons showing no title; that if the sale to the defendants was made for cash, and they refused to comply with the terms, no title would pass to them; that as to the measure of damages the plaintiff was entitled to recover the fair market value of the whiskey at the time of the conversion, deducting therefrom the amount paid by the defendants for the freight and storage of the whiskey; and that if, when the plaintiff demanded the goods

of the defendants, they did not demand or request of him to repay them the freight, but refused absolutely to deliver the property, the fact that he did not pay or tender the freight would not prevent his maintaining this action.

The jury found for the plaintiff, and also found specially that the sale was for cash, and that "the payment of the freight money by the defendants was not a payment made in good faith in accordance with the terms of the sale." The defendants alleged exceptions.

*N. Morse,* for the defendants.

*T. Willey,* for the plaintiff, was not called upon.

GRAY, J. This is an action of tort, in the nature of trover, for twenty-five barrels of whiskey, of which the plaintiff had received from Fowle & Company bills of lading and an invoice, to secure advances made by him on the property, and, after its arrival in Boston, had taken possession, by going to the railroad station in company with Fowle, exhibiting the bills of lading to the freight agent, and agreeing to pay the freight and storage. Fowle received authority from the plaintiff to sell the whiskey for cash, and agreed, upon such sale, to repay to him the amount of his advances, with interest, expenses and charges. Fowle afterwards sold the property for cash to the defendants, who went with him to the station, paid the freight and storage and took possession of the whiskey, but have never paid for it. The jury have found specially "that the payment of the freight money by the defendants was not a payment made in good faith in accordance with the terms of sale." The freight and storage were paid together to the same railroad corporation, and were treated throughout the trial as a single item, and both must be deemed to be covered by the words "freight money" in this finding. The plaintiff afterwards called upon the defendants, exhibited his bills of lading, and demanded the whiskey, but they refused to deliver it.

Upon these facts, the law is clear. The possession of the property, acquired by the plaintiff under the bills of lading, was sufficient to maintain this action against any one who did not show a better title. *Burke* v. *Savage,* 13 Allen, 408. The

defendants, as well as the plaintiff, claimed under the bills of lading, and offered no evidence of any other title in themselves, and were therefore not injured by their admission in evidence. The sale to the defendants having been found by the jury to have been for cash, was a conditional sale, and vested *no title* in the purchasers until the terms of sale had been complied with. *Tyler* v. *Freeman,* 3 Cush. 261. *Whitney* v. *Eaton,* 15 Gray, 225. *Farlow* v. *Ellis,* Ib. 229. The plaintiff, though having only a special property to secure his advances, might in this action recover the whole value of the goods, and would hold the surplus, beyond the amount of his own interest, for the general owner. *Ullman* v. *Barnard,* 7 Gray, 554. The amount of freight and storage, having been paid not in good faith nor in accordance with the terms of the defendants' contract, could not be demanded by them of the plaintiff, as a condition precedent to the delivery of his property to him, and could be deducted from the value of the goods in the assessment of his damages, only because the payment enured to his benefit, by discharging the goods from a lien to which they were subject, and without payment of which he could not have obtained his property. *Exceptions overruled.*