## ALEXANDER W. ARMOUR & another *vs.* SETH E. PECKER & another.

Suffolk. April 4. — Sept. 7, 1877. AMES & LORD, JJ., absent.

In replevin of whiskey, brought by A. against C., there was evidence that A. sold the goods in Cincinnati to B., who did business in Boston; that, by the terms of the agreement, the whiskey was to be delivered and regauged on the cars at Cincinnati, and, on receipt of an invoice of the whiskey, B. was to send to A. at New York his promissory note for the price, on three months' time, dated at Cincinnati as of the date of the delivery on the cars there; that the whiskey was put on the cars, and an invoice and a form of a note, dated at Cincinnati, on ninety days, were sent to B.; that B. did not sign this note, but pledged the goods to C. for a valuable consideration, failed in business, and two days afterwards sent a note to A. in New York, dated at Boston, and payable three months after date; that A. replevied the whiskey in Boston on the day the note arrived in New York, and two days afterwards tendered the note to B. in Boston, who refused to receive it. *Held*, that the evidence would warrant the jury in finding that the sale was upon a condition which was broken, and that there had been no waiver of the condition; and that, if so, B. acquired no title to the goods which he could transfer to C.

The omission of a judge to observe, in his charge to the jury, upon a particular point not suggested at the trial, cannot, if no misdirection is shown, be taken advantage of under a general exception to his whole charge, although all the evidence is stated in the bill of exceptions.

GRAY, C. J. This is replevin for fifty barrels of whiskey, sold by the plaintiffs, merchants in New York, through their agent, John L. Pugh, in Cincinnati, to George Simmons, of Boston, and sold or pledged by Simmons to the defendants. At the trial in the Superior Court, the plaintiffs sought to recover upon two distinct grounds: 1st. That the sale of the whiskey by them to Simmons was upon a condition which had not been performed.

2d. That Simmons purchased the whiskey not intending to pay for it, and that the defendants were not bonâ fide purchasers. The verdict was for the plaintiffs. To the instructions given to the jury upon the second ground no exception is taken, and the question is whether there was any error or omission in the instructions upon the first ground, which affords the defendants any right of exception.

Pugh, the plaintiffs' agent, testified that he sold the whiskey to Simmons in Cincinnati, to be delivered and regauged on the cars in Cincinnati, on three months' time, and that the promissory note for the price was to be dated at Cincinnati as of the date of the delivery of the goods there, and to be signed by Simmons, payable to his own order, and by him to be indorsed and sent to the plaintiffs at New York, on receipt of the bill of lading of the goods; that on March 20 he delivered the goods on the cars at Cincinnati, addressed to Simmons at Boston, and at the same time sent to Simmons, for his signature and indorsement, a form of note, dated Cincinnati, March 20, 1875, and payable to his order ninety days after date, and also sent to him the bill of lading, or, as he calls it in another part of his testimony, an invoice of the goods, together with a certificate of gauge. The document actually sent, and produced at the trial, was rather an invoice than a bill of lading; but as the words "bill of lading" and "invoice" appear to have been used by the parties to the transaction, and to have been treated at the trial as meaning the same thing, the difference is immaterial.

On March 30 and April 3 the plaintiffs wrote, and on April 6 and 7 telegraphed to Simmons, requesting him to forward the note, but received no answer. On April 7, Pugh, having been informed by the plaintiffs that they had not received the note, wrote to Simmons, requesting him to send it to them. There was evidence that the whiskey reached the railroad station in Boston on March 27, and was thence removed by Simmons to his store on April 5 or 6.

One of the plaintiffs testified that he afterwards came to Boston, and on April 12 found the goods in the defendants' possession, and replevied them; that on April 11 or 12 he received in Boston, from his house in New York, a promissory note signed by Simmons, dated Boston, March 23, and payable to his own

order in three months, for the price of the whiskey, and an envelope addressed to his firm at New York and bearing the postmark of Boston, April 9, two days after the failure of Simmons; that on April 14 he saw Simmons in Boston, and tendered this note to him, and he declined to receive it; and that the plaintiffs had never held or used, or claimed to hold or use this note in any way or for any purpose against Simmons.

The testimony of Pugh warranted the jury in finding that the sale to Simmons was upon the condition that, on receiving the invoice or bill of lading of the goods, he should give his promissory note for the price, dated at Cincinnati, so as to make the transaction an Ohio contract, governed by the laws of the State of Ohio. If such was the contract of sale between the parties, neither Simmons, nor those claiming under him, could acquire a title which would enable them to hold the goods against the plaintiffs, without performance or waiver of the condition. *Whitney* v. *Eaton,* 15 Gray, 225. *Farlow* v. *Ellis,* 15 Gray, 229. *Hirschorn* v. *Canney,* 98 Mass. 149.

We perceive no error in the instructions given,* of which the

---

* The judge instructed the jury, upon the first ground upon which the plaintiffs claimed to recover, as follows: " The plaintiffs in this case claim the right to maintain their action upon two entirely independent grounds. If they have succeeded in satisfying you, upon the evidence, that they are entitled upon either ground to maintain this action, you should return a verdict for them. The first of these grounds is that the goods originally belonged to them, about which now there is no dispute; that the contract of sale was upon a condition precedent, which condition, as they say, was that the payment for these goods by the purchaser, Simmons, was to be made by his own promissory note. If that was the contract, if there was nothing more said than that he was to pay for the goods in his own promissory note, the presumption would be that payment was to be contemporaneous with the delivery of the goods, and the title to the goods did not pass to Simmons, and would not pass to him without his complying with that condition and delivering to the vendors his promissory note.

" In this case it is claimed that this sale was made in Cincinnati by Pugh, acting as the authorized agent of the plaintiffs, to the authorized agent of Simmons here in Boston, upon the condition that the note of Simmons was to be delivered, and that payment was to be made in his note; and if that was the bargain, then, although the property was billed to Simmons, and the bill of lading made out, and the goods were delivered to the common carrier in Cincinnati to be transported to Boston, and they were transported to Boston,

defendants have any right to complain. The earlier part evidently related to what was necessary to the performance of the

---

and Simmons received them here, took them into his possession, deposited them in his store, having to that extent the absolute control over them, yet, until he paid for them by delivering his note, the property remained .he property of the vendor.

" If the contract was a conditional one, and the condition was not fulfilled, then it can make no difference to the present defendants, the purchasers from Simmons, that they acted in entire good faith, and that they paid for the goods. A man cannot sell what he does not own, and give a title to it; and the sale being upon a condition, if it was so, and the condition not fulfilled, the property did not belong to Simmons, and he, having no title to it, could not pass a title to it to the present defendants.

" On the 9th of April, as the evidence tended to show, Simmons made his note, inclosed it in a letter or an envelope, and sent it by mail to the plaintiffs in New York. They received it in due course of mail, and the plaintiffs in New York remailed it to one of the plaintiffs who was then in Boston. Whether the sending of this note by Simmons to the plaintiffs changed the rights of the parties depends upon the question as to whether the note was to be given concurrently with the delivery of the goods; that is, Was Simmons to give his note when the goods were received here, and were the two things to be done concurrently? If so, the goods having been received by him on or before the 6th, his sending his note on the 9th would not be a compliance with the condition. The plaintiffs declined to receive that note, as testified by the plaintiff who is here, and it was either tendered back to Simmons, or an attempt was made to tender it back, which only failed of an accomplishment because Simmons could not be fonnd. The plaintiffs say that they did not accept the note. If they had accepted the note at that time, it might have been evidence, and would have been, perhaps, conclusive evidence, that they waived the condition, if there was one, that they should receive the note upon the delivery of the goods. But the plaintiff who has testified in this case says they declined to accept the note, and that it was tendered back, and that they have never made any use of it, and do not now hold it as a note against Simmons.

" Then there is another thing in relation to this note : If it was one of the conditions of this contract that that note was to be dated in Cincinnati, so that it should be an Ohio contract and be construed by the Ohio laws, then giving a note dated in Boston, making it a Massachusetts contract, would not be a compliance with that condition. There are two reasons for this. A sale of this kind of property, the sale of which is regulated by law, may be either lawful or unlawful. If the sale is an unlawful one, made here in this state, or if it is made in another state with a view to having it sold in this state in violation of law, the contract would be an unlawful one, and could not be enforced here. If the plaintiffs stipulated that they should have a note dated at Cincinnati, Ohio, so as to make it an Ohio contract, that was a condition

condition, and the latter part submitted to the jury the question of waiver by receiving the note sent by Simmons. The defendants now contend that the instructions precluded the jury from finding a waiver of the condition by the delivery of the goods upon the cars, or by Pugh's letter of April 7. But, it not appearing that any such point was suggested at the trial, the omission of the judge to observe upon it, no misdirection being shown, cannot be taken advantage of upon a report of the whole evidence, and under a general exception to the whole charge. *Ball* v. *Mannin,* 1 Dow & Cl. 380. *Armstrong* v. *Toler,* 11 Wheat. 258, 277. *Pennock* v. *Dialogue,* 2 Pet. 1, 15. *Chicago Unitarian Society* v. *Faulkner,* 91 U. S. 415. *Exceptions overruled.*

*T. S. Dame,* for the defendants.

*R. D. Smith & H. M. Rogers,* for the plaintiffs.

---

which they had a right to make, and it is a condition which they have now a right to insist upon.

"You will determine, upon all the evidence in the case, what the contract was; and if you find that it was a conditional contract, a conditional sale, either that the note was to be delivered contemporaneously and concurrently with the delivery of the goods, or that it was to be an Ohio note, a note dated at Cincinnati, whether it was on ninety days or three months, offering a note dated here in Boston would not be a compliance with that condition ; the title to the whiskey would not pass to Simmons. But if you should find that the terms of the contract allowed Simmons to pay in his note to the plaintiffs some days after this delivery of the goods, then, if he did tender such a note to them as the condition called for, the payment of the note on Monday, or the tender of the note on Monday, April 9, would be a compliance with the terms of the contract.

"You will determine, upon the evidence, what the condition of this sale was, if it was a conditional sale, and as you shall find that condition to be. If you find it was a condition precedent, then you must find, before you can hold that this property passed, that Simmons fulfilled that condition. If he did not, and the condition that he should give his note dated at Cincinnati, if such was the condition of the sale, was not waived by the plaintiffs by an acceptance of the note sent to them by Simmons as aforesaid, then he never had any title to these goods, and never having had any title to them, he could not sell them or give any title to the present defendants; and, if you so find, you will return a verdict at once for the plaintiffs, with nominal damages."