BROWNVILLE MAINE SLATE COMPANY *vs.* CHARLES
F. HILL & another.

Suffolk. January 23, 1900. — March 3, 1900.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Contract — Declaration — Conditional Delivery — Order — Finding of Jury*
*— Evidence — Statute of Frauds — Waiver.*

In this case, which was an action of contract, the declaration alleging that the merchandise was delivered to the defendant and by him carried away, with the agreement between him and the plaintiff that the property therein should remain in the plaintiff until the plaintiff had been furnished an order for the amount of the contract price drawn by W. (with whom the defendant had contracted to do a part of the work, W. to furnish the materials therefor) and accepted by the defendant, it was competent for the jury to find that the delivery of the merchandise was a conditional delivery; that the condition had not been waived; that the title in the merchandise had not passed to W., and that as the defendant used the merchandise as his own, he was liable to the plaintiff; and taking evidence that S., the agent of the plaintiff, had conversations with the defendant, in which the defendant promised to pay for the merchandise, in connection with a letter of the plaintiff to the defendant stating that S. advised him that the defendant was the original contractor and that he would see that the plaintiff was paid, and that it would not be necessary to have an order from W., it was a question for the jury whether the promise of the defendant was to pay the debt as a debt of his own, or to pay the debt of W.; and if the jury found from all the evidence that there was a waiver of the condition of an accepted order based on the defendant assuming the debt as his own, they might well find from the conduct of the defendant in using the merchandise that he agreed to pay for it, although he did not answer the letter.

CONTRACT, to recover the price of 155 squares of slate. The declaration contained two counts : the first on an account annexed, for goods sold and delivered by the plaintiff to the defendants, and the second, a special count, as follows:

" The plaintiff says that on or about June 7, 1897, one G. J. Williams ordered of the plaintiff one hundred and fifty-five (155) squares of 16 x 12 No. 1 Brownville slate, not drilled, for roofing a church at Beverly in Massachusetts, at the price of five dollars and eighty-two cents ($5.82) per square, amounting in all to nine hundred and two dollars and ten cents ($902.10), the said slate to be shipped from the plaintiff's works in Maine to the defendants at Beverly. The plaintiff, on or about July 3, 1897,

caused fifty (50) squares of the said slate to be shipped to the defendants at Beverly, and on or about July 6, 1897, caused one hundred and five (105) squares to be shipped to the defendants at Beverly. The said slate were thereupon delivered to the defendants and by them carried away with the understanding and agreement between them and the plaintiff that the property in the said slate should remain in the plaintiff until the plaintiff had been furnished an order for the amount of the contract price of the slate drawn by said Williams upon the defendants and accepted by them. Thereafter the said slate being at Beverly and in the possession of the defendants, they represented to the plaintiff that they desired to use the said slate, and thereupon on or about September 18, 1897, it was agreed between the plaintiff and the defendants that the defendants might acquire title and use the said slate without an accepted order upon them as above set forth, provided that the defendants would promise to pay the contract price thereof; and the defendants did thereupon, in consideration of the agreement of the plaintiff and the acquirement of title and use of said slate, promise the plaintiff that they would pay the said contract price. The said promises and agreements being mutually made by the plaintiff and the defendants, the defendants thereupon acquired the title of and used the slate for the purpose of roofing a church at Beverly.

"And the plaintiff further says that the defendants, by virtue of their said promise, became liable for the contract price of the said slate; but although often requested, they have neglected and refused to pay the same, and they now owe the plaintiff the sum of nine hundred and two dollars and ten cents ($902.10), together with interest thereon."

Trial in the Superior Court, before *Richardson*, J., who refused to rule that the evidence did not support the declaration, and that upon the whole evidence the plaintiff was not entitled to recover; and the defendants excepted.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions. The facts appear in the opinion.

*G. L. Mayberry*, (*J. T. Hughes* with him,) for the defendants.

*E. I. Smith*, (*C. M. Ludden* with him,) for the plaintiff.

LATHROP, J.   The only question presented in this case is whether the judge should have given the ruling requested by

the defendants that the evidence did not support the plaintiff's declaration; and that upon the whole evidence the plaintiff was not entitled to recover.

We are of opinion that this ruling could not properly have been given, and that the case was rightly submitted to the jury. There was evidence from which the jury might have found the following facts. The plaintiff had its office in Worcester, in this State, and its quarry in Brownville, Maine, and an agent in Boston, one Spiers. The defendants had made a contract to do certain work on a church in Beverly, including the roofing. They made a contract with one Williams to slate the roof for the sum of $2,900, he to furnish the materials and do the work. Williams tried to get the slate from the plaintiff; and after some negotiations, his order was accepted on condition that he should give an order on the defendants for the price, and procure the same to be accepted by them. This order was to be procured before the slate was shipped. Subsequently, in July, on the promise of Williams to procure the acceptance of the order, the slate was sent to the defendants at Beverly. The shipping receipt stated that the slate was consigned to " Hill & McGinty, Beverly, Mass.," and also stated that it was not negotiable, and that the West End Roofing Company was to be notified. The West End Roofing Company was the name under which Williams did business. The invoices of the goods ran to the West End Roofing Company, and these together with the shipping receipts were sent to the plaintiff's agent in Boston.

The slate arrived in Beverly about the middle of July, and remained on the cars some weeks, when the first named defendant paid the freight on the slate, and caused it to be taken to the church, and there it remained until the latter part of September, when Williams began to lay the slate under his contract, and laid about two thirds of it by the end of October, when he was unable to proceed. The defendants then finished the work with the rest of the slate. After the arrival of the slate at Beverly, Spiers called upon Williams several times during July and August to obtain the acceptance of the order, but was put off.

After failing to get the order from Williams, Spiers called at the office of the defendants in August, and saw the defendant Hill, who in answer to the question why the plaintiff could not

have an order accepted by them, said that the time had not come for any payments on the church, and that the bill would be paid as soon as payments were made on the job. This conversation was reported to the office of the plaintiff in Worcester. On September 2, the treasurer of the plaintiff wrote to the defendants referring to the shipment of the slate, and stating that the agreement was "that upon the arrival of the slate, the West End Roofing Co. would give us an order on you for an amount to cover our invoice." The letter concluded with these words: "We think it best to advise you that the slate are our property until Mr. Williams gives us an accepted order on you for our invoice." To this letter the defendants replied on September 10: "Yours of the 2d inst. was duly received; but we have deferred answering until now, thinking that we might have something definite to say in regard to the matter of slate sent to Beverly. The work on the church there has not progressed as fast as was expected; they are only just now ready to commence laying slate, and we doubt if a payment can be had on account of the roof work much before thirty days from now." To this letter the plaintiff replied on September 18, as follows: "Your favor of the 10th inst. was duly received, and our representative in Boston, Mr. W. A. Spiers, advises us that you are the original contractors and that you will see that we are paid. Under such circumstances it will not be necessary to have an order from the West End Roofing Company on you, and we have so advised Mr. Spiers." To this letter the defendants made no reply.

If we lay on one side this letter, for the moment, it was competent for the jury to find that the delivery of the slate was a conditional delivery; that the condition had not been waived; that the title in the slate had not passed to Williams; and that, as the defendants used the slate as their own, they were liable to the plaintiff in this form of action. *Whitwell* v. *Vincent*, 4 Pick. 449. *Whitney* v. *Eaton*, 15 Gray, 225. *Farlow* v. *Ellis*, 15 Gray, 229. *Hirschorn* v. *Canney*, 98 Mass. 149. *Adams* v. *O'Connor*, 100 Mass. 515. *Nelson* v. *Dodge*, 116 Mass. 367. *Armour* v. *Pecker*, 123 Mass. 143. *Salomon* v. *Hathaway*, 126 Mass. 482.

As to the letter of September 18, it appeared in evidence that Spiers had several conversations with the defendant Hill, in

which Hill promised to pay for the slate. Taking this evidence.in connection with the letter, it was a question for the jury whether the promise of the defendants was to pay the debt as a debt of their own, or to pay the debt of Williams. *Heywood* v. *Stiles,* 124 Mass. 275. *Barrett* v. *McHugh,* 128 Mass. 165. If the jury found from all the evidence that there was a waiver of the condition of an accepted order based on the defendants assuming the debt as their own, they might well find from the conduct of the defendants in using the slate that they agreed to pay for the slate, although they did not answer the letter.

*Exceptions overruled.*