J. H. SILSBY & others *vs.* BOSTON AND ALBANY
RAILROAD COMPANY.

Suffolk.     March 8, 1900. — May 18, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, & LATHROP, JJ.

*Conditional Sale — Delivery — Title — Waiver — Custom — Usage — Carrier.*

If, in an action of replevin against a carrier, it appears that the sale of the merchandise was conditioned on the sending of a note by the buyer to the seller, the question whether there was a waiver of the condition is a question of fact; and the fact that it was not the custom to send the note until after the buyer should verify the quality and count of the merchandise as compared with his order is immaterial, a delivery to the buyer not necessarily being a waiver of the condition, and it making no difference that the buyer could, to a certain extent, suit his own convenience in removing the merchandise from the custody of the carrier; and a usage for the buyer to sell directly from the warehouse, subject to the carrier's lien for charges, does not go far enough, it not appearing that a buyer may sell and pass a good title without acquiring a good title himself.

REPLEVIN of a car load of lumber.   At the trial in the Superior Court, without a jury, before *Hardy*, J., it appeared that just before March 26, 1898, the plaintiffs sold the lumber in question, through their selling agent in Boston, to one Paul in that city, payment to be made by a three months' note, to be sent to the plaintiffs after Paul had received the lumber, and to be dated as of date of invoice and to include a month's interest; that on March 28 the lumber was shipped, by order of the plaintiffs, from North Tonawanda, New York, and consigned to the plaintiffs at Boston ; that on March 29 the plaintiffs sent word to the defendant to deliver the lumber " consigned to us " to Paul, and on March 31 the lumber having arrived in Boston the defendant sent word to Paul ; that on April 8 the defendant sent word to Paul that it had stored the lumber in a designated place ; that on April 9 Paul made an assignment for the benefit of his creditors ; that later the plaintiffs demanded the lumber of the defendant;. and, the defendant having refused to deliver it, brought this action of replevin.

It appeared that it was the custom in the lumber trade not to send the note until after the buyer should verify the quality and count of the lumber as compared with his order, and that the buyer could, to a certain extent, suit his own convenience in removing the lumber from the custody of the carrier; and it appeared that there was also a usage for the buyer to sell directly from the railroad subject to the company's lien for charges.

The defendant asked for twenty-three instructions, most of which were given.   The eleventh request, which was as follows, was refused: " It cannot be ruled as matter of law, upon all the evidence in the case, that the giving of a note by the vendee to the plaintiffs was a condition precedent to the passing of the title to the replevied lumber."   The court found for the plaintiffs ; and the defendant alleged exceptions.

*F. Paul*, for the defendant.

*W. Mooers*, for the plaintiffs.

LATHROP, J.   We do not find anything in the facts set forth in the bill of exceptions to take the case out of the general rule that the sale was conditioned on the sending of a note by the buyer to the seller ; and that whether there was a waiver of the

condition was a question of fact. *Whitwell* v. *Vincent*, 4 Pick. 449. *Hill* v. *Freeman*, 3 Cush. 257. *Whitney* v. *Eaton*, 15 Gray, 225. *Farlow* v. *Ellis*, 15 Gray, 229. *Hirschorn* v. *Canney*, 98 Mass. 149. *Adams* v. *O'Connor*, 100 Mass. 515. *Nelson* v. *Dodge*, 116 Mass. 367. *Armour* v. *Pecker*, 123 Mass. 143. *Salomon* v. *Hathaway*, 126 Mass. 452. *Brownville Maine Slate Co.* v. *Hill*, 175 Mass. 532.

So far as the custom in the trade is concerned, the fact that it was not the custom to send the note until after the buyer should verify the quality and count of the lumber as compared with his order is immaterial. The defendant argued that this necessitates the unloading of the car; but a delivery to the buyer would not necessarily be a waiver of the condition, as is held in many of the cases above cited. Nor can the fact that the buyer could, to a certain extent, suit his own convenience in removing the lumber from the custody of the carrier or the warehouseman make any difference. The lumber still remained the property of the sellers. As to the usage for the buyer to sell directly from the railroad subject to the company's lien for charges, this is to be said, that the usage does not go far enough. It does not appear that a buyer of lumber may sell and pass a good title without acquiring a good title himself, and this in the present case Paul did not have. Moreover, it may be said that the controversy in this case is not between the plaintiffs and a purchaser for value, but between the plaintiffs and a person who has no more rights than Paul had. See *Whitney* v. *Eaton*, 15 Gray, 225, 226.

The defendant asked for twenty-three instructions. Most of these were given. The eleventh request, on the authority of the cases above cited, was properly refused. We see nothing in the other requests for instructions which were refused which requires further discussion.

*Exceptions overruled.*