DOROTHEA C. CASEY *vs.* HARRY A. GALLAGHER.

Norfolk.   December 8, 1950. — February 5, 1951.

Present: QUA, C.J., RONAN, WILKINS, & WILLIAMS, JJ.

*Sale,* Transfer of title, Sale of motor vehicle. *Practice, Civil,* Requests, rulings and instructions.

A trial judge was not required to rule upon the legal effect of a factor which was material to the issue to be determined but was only one of the material factors and was not decisive of the issue.

Evidence, that the owner of an automobile, after negotiating for its sale, delivered it and its keys to the purchaser and received from him checks for the purchase price, that the purchaser drove the automobile away, and that later the same day the purchaser returned to the seller's home and, with the seller's knowledge, there substituted new registration plates for the seller's plates, warranted a finding that title to the automobile passed to the purchaser although the seller did not give the purchaser any written evidence of transfer of title and payment of the checks was refused when they were subsequently presented for payment.

REPLEVIN.   Writ in the Superior Court dated June 9, 1948.

The action was heard by *Morton,* J., without a jury.

*P. G. Counihan,* for the plaintiff.

*J. P. Flavin,* (*J. M. Corcoran* with him,) for the defendant.

RONAN, J.   In this action of replevin, the plaintiff seeks to establish her title to an automobile which she delivered to one Wobby in exchange for two checks which turned out to be worthless. The defendant purchased the automobile for value and in good faith from Wobby. The judge found for the defendant.   The plaintiff saved exceptions to the denial of three requests for rulings.

The plaintiff advertised her automobile for sale.   On Friday, May 14, 1948, Wobby came to her home and with her permission took the automobile for two hours, ostensibly for the purpose of ascertaining its mechanical condition.

On his return the plaintiff and he went to see one Browne, the manager of a garage, with whom the plaintiff wished to confer relative to the proposed sale to Wobby. He advised her in the presence of Wobby not to give the latter a bill of sale or other evidence of ownership until she received payment of the checks which Wobby intended to give her. The plaintiff and Wobby drove back to the plaintiff's home where she accepted the two checks which he offered to her. She gave him the keys to the automobile and he drove away. He later returned and substituted a new set of registration plates for her plates in her presence and with her knowledge. According to the plaintiff's brief the registration was then in Wobby's name. The plaintiff never gave Wobby a bill of sale. She did not sign the transfer of ownership blank on the back of the certificate of registration, nor notify the registrar of motor vehicles of any change in the ownership, nor take any other action relative to the transfer of the title to Wobby. When she presented the checks to a bank on Monday, May 17, 1948, payment was refused. Wobby sold the automobile to the defendant on May 20, 1948. Wobby had in the meanwhile, unknown to the plaintiff, registered the automobile in the name of Victory Motors Co., Inc. The plaintiff again presented the checks for deposit on May 26, 1948, and they were dishonored by the bank.

The judge granted the plaintiff's first request, for a ruling that the evidence required a finding for the plaintiff if she did not intend to transfer the title to Wobby when the automobile was delivered to him, and also her second request, which in substance was for a ruling that, if she accepted the checks as conditional payment and did not intend to transfer the title until they were paid, then the judge must find for her.

The plaintiff was not entitled to the third request for a ruling, that the judge must find for her if she did not give Wobby a bill of sale. The failure to give a bill of sale was a material but not decisive factor in determining whether the plaintiff intended to pass title when she delivered the automobile to Wobby, especially when considered with the ad-

vice which Browne had given her. This request referred only to a portion of the testimony upon the main issue in the case, and the judge was not required to grant it. *Halnan* v. *New England Telephone & Telegraph Co.* 296 Mass. 219. *Cameron* v. *Buckley,* 299 Mass. 432. *Norton* v. *Boston Elevated Railway,* 317 Mass. 145. The fourth request, for a ruling that if the plaintiff did not consent to the registration of the automobile in the name of Victory Motors Co., Inc., the judge must find for her, was denied for the reason, as stated by the judge, that he found that title had passed to Wobby and then to Victory Motors Co., Inc. If this finding was correct, there was no error in the refusal of the request. That this finding was wrong is the principal contention of the plaintiff, and as it is more appropriately raised by the denial of the fifth request we shall discuss it with reference to that request, which was for a ruling that upon all the evidence a finding for the plaintiff was required. This request differs from a request that such a finding would be warranted by the evidence. There was no evidence by which the defendant was bound. The judge was not required to grant this request unless, as matter of law, a finding for the plaintiff was required even though, as we need not decide, such a finding would have been permissible. *Wainwright* v. *Jackson,* 291 Mass. 100, 101–102. *Howard* v. *Malden Savings Bank,* 300 Mass. 208, 211. *Memishian* v. *Phipps,* 311 Mass. 521, 522. *Perry* v. *Hanover,* 314 Mass. 167, 169–170. *John T. D. Blackburn, Inc.* v. *Livermore,* 317 Mass. 20, 22.

The burden of proving that title did not pass to Wobby rested upon the plaintiff, and it rarely can be ruled as matter of law that this burden has been sustained on the basis of oral testimony. *Womble* v. *Dubuque Fire & Marine Ins. Co.* 310 Mass. 142, 148. *Owen* v. *Williams,* 322 Mass. 356, 361. *Lubianez* v. *Metropolitan Life Ins. Co.* 323 Mass. 16, 19. The only question for us to determine is whether upon the evidence, together with all rational inferences which might be drawn therefrom, the findings of the trial judge may be sustained, and his decision is not to be reversed

unless as matter of law it cannot be supported upon any reasonable view of the evidence. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143. *Charles I. Hosmer, Inc.* v. *Commonwealth*, 302 Mass. 495, 499. *London Clothes, Ltd.* v. *Maryland Casualty Co.* 318 Mass. 692, 697.

The intent with which a person acts is usually a question of fact which is to be determined from his declarations, conduct and motive, and all the attending circumstances. *Commonwealth* v. *Althause*, 207 Mass. 32, 47–48. *Ciarlo* v. *Ciarlo*, 244 Mass. 453, 455–456. *Dubois* v. *Atlantic Corp*, 322 Mass. 512, 520. The plaintiff, however, contends that the only conclusion possible upon all the evidence is that she did not intend to transfer title to the automobile until the checks were paid, and in support of her contention invokes the generally accepted principle that, where a sale is for cash on delivery, payment by check is not absolute but only conditional and until the check is paid title does not. pass to the buyer. *Standard Investment Co.* v. *Snow Hill*, 78 Fed. (2d) 33. *Clark* v. *Hamilton Diamond Co.* 209 Cal. 1. *Publicker Commercial Alcohol Co.* v. *Harger*, 129 Conn. 655. *Kirk* v. *Madsen*, 240 Iowa, 532. *Parker* v. *First-Citizens Bank & Trust Co.* 229 N. C. 527. *Keegan* v. *Lenzie*, 171 Ore. 194. Williston on Sales (Rev. ed.) § 346 (a). Indeed, this is but one aspect of the general rule, which has been frequently followed by this court, that where a sale is shown, to be for cash the title does not vest in the buyer until the seller has received payment in cash. *Adams* v. *O'Connor*, 100 Mass. 515, 518. *Lasky* v. *Economy Grocery Stores*, 319 Mass. 224, 227.

The transaction consisted of more than the delivery of the automobile in exchange for the checks. There was the substitution of new registration plates for the plaintiff's plates by Wobby with her knowledge and, so far as appears, without any objection from her. This change was made at the plaintiff's home to which Wobby had returned subsequent to the visit at which the automobile had been delivered to him in exchange for the checks. The judge could find that the plaintiff then knew that there had been a change

in the registration of the automobile even if she might or might not have known that it was registered in the name of Wobby. A change in the registration of a motor vehicle usually indicates a change in the title to it, and registration in the name of a person as owner is evidence of ownership by him. *Trombley* v. *Stevens-Duryea Co.* 206 Mass. 516, 518. *Hyland* v. *Hyland,* 278 Mass. 112. *Burns* v. *Winchell,* 305 Mass. 276. *Fouquette* v. *Millette,* 310 Mass. 351, 353. The subsequent registration of the automobile in the name of Victory Motors Co., Inc., even if without her consent, did not require a finding in her favor. She had dealt only with Wobby and not with Victory Motors Co., Inc., and there is no evidence of any relation between the latter and Wobby. They might have been total strangers to each other so far as the record goes. It is difficult to understand why she should have permitted Wobby to change the registration before she had any opportunity to present the checks for payment on the next business day, if she in fact intended to retain title until the purchase price was paid in cash. She could have waived the provision that title was not to pass until the cash had been received by her. *Scudder* v. *Bradbury,* 106 Mass. 422, 427. *Haskins* v. *Warren,* 115 Mass. 514, 533. *Silsby* v. *Boston & Albany Railroad,* 176 Mass. 158, 159, 160. Whether or not she intended to retain title until paid in cash or whether she waived that provision presented questions of fact for the determination of the judge, and his decision, which cannot be said to have been unsupported by the evidence, cannot be disturbed or reversed.

*Exceptions overruled.*