*Southern District*

No. 25577
## JUSTIN D. DOUCETTE
v.
## ANTONIO MENDEZ ET UX

No. 25673
## ANTONIO MENDEZ
v.
## JUSTIN D. DOUCETTE

*Present:* Nash, P. J., Welch and Sgarzi, JJ.

Case tried to *Kupka, J.,* in the Second Dist. Court of Plymouth.

*Welch, J.* There was a consolidated report in these cases.

In No. 25577 Justin D. Doucette seeks to recover in an action of contract the sum of $633.00 from the defendants as a balance due for labor and materials furnished the defendants in the construction of a single family dwelling house on land owned by the defend-

ants in Hanson. The answer of the defendants was that the plaintiff had been overpaid and the defendants owe him nothing.

In No. 25673 Antonio Mendez seeks to recover in contract the sum of $494.00. Mendez alleged that Doucette on Dec. 20, 1956 made an agreement in writing to build a house for him for $8,000. The answer was a general denial.

Mendez' testimony was as follows: Mendez and his wife in the summer of 1955 owned land in Hanson. They had a deed but did not know whether the title was good. Mendez talked with Doucette and asked him to get a set of plans. When they were obtained Mendez and his wife applied to the Whitman Savings bank for a loan of $8,000 which was granted. After the work was started, and the house half finished, Mendez was notified that his title was not good and that the bank would not advance any money. Thereupon, Doucette brought Mendez to attorneys who started to register the land. About Dec. 20, 1956 the bank was ready to go ahead, and paid Doucette for his labor and various bills for lumber.

Doucette said he was going to finish the house. An agreement was prepared and Mendez and Doucette signed it. Mendez testified that the price was to be $8,000 and that Doucette agreed to build the house for that price.

Doucette testified that he had built homes for eight or nine years; that in the summer

of 1955 he was building a house for another party which was close to the Mendez land. While he was building this house the defendants asked him about building a house for them. At Mr. Mendez' request Doucette sent away for plans and they made inquiries from lumber companies and the figures given to build a house according to the plans in one case was $10,700 and in another, $11,500. The bank declined to loan more than $8,000 on account of the neighborhood. Doucette told Mendez and his wife that the house could not be built for $8,000 and that he would have to cut corners. He worked only in the evenings, Sundays and holidays and Mendez and his wife knew this, and that he made no profit on the materials and the subcontractors. He started work in August, 1955.

In October the bank notified him that the title was defective. He had already done considerable work on the house and he agreed to continue so as to make the house tight against the weather. He kept working until this was done, which was on Oct 11, 1955. On or about Dec. 20, 1956 the bank paid him $1950 less $250 which they retained. The $1950 represented his own labor and the labor of men he had hired. On Dec. 20, 1956 he went to the attorneys and told them he was going to complete the house. An agreement consisting of two pages was drawn and Doucette signed it but did not see the figure. Doucette claimed that he was never fully paid for his labor and the labor of his men and everything was at cost plus.

Doucette further testified that when the $8,000 advanced by the bank was exhausted he talked with Mendez about it and instead of leaving the job Mr. and Mrs. Mendez agreed to pay him at the rate of $2.00 for his labor and $1.50 an hour for his helper. Doucette finished the house and sent bills to Mr. and Mrs. Mendez. Before suit was brought he was told that Mrs. Mendez was getting the money out of her wages and that he would be paid. He was never paid.

The parties agreed in court that if there should be a finding for Doucette it would be in the amount of $633, and if the finding was for Mendez it would be in the sum of $494.09.

In the case of *Doucette v. Mendez et al,* No. 25577, Doucette filed requests for rulings and in the case of *Mendez v. Doucette,* No. 25673 Doucette filed requests.

The requests on which these appeals are pending and the action taken by the judge are as follows:

In No. 25577:

1. The evidence warrants a finding that the plaintiff is entitled to recover for labor and materials furnished the defendants in the construction of a house at 298 Monponsett Street, Hanson, on a quantum meruit basis in accordance with the plaintiff's declaration. *Denied, see special finding.*

2. On the pleadings and the evidence, a finding for the defendants is not warranted. *Denied, see special finding.*

4. The evidence requires a finding that on or about August 16, 1955, the date of the oral understanding between the parties, that the parties did not have in contemplation a price of $8,000. *Denied, see special finding.*

5. The evidence requires a finding that the defendants understood that in undertaking to construct the house for the defendants, the plaintiff was seeking only to be compensated for the fair value of his own labor and reimbursement for the value of such other labor as he furnished to the job. *Denied, see special finding.*

6. The evidence requires a finding that the stoppage of the work on November 12, 1955 was due in no part to the fault of the plaintiff. *Denied, see special finding.*

7. The evidence requires a finding that the understanding between the parties on August 16, 1955 for the construction of the house for the defendant was on a so-called "cost plus" basis, the plaintiff not to share or profit on the cost price of the materials. *Denied, see special finding.*

8. The evidence warrants a finding that after December 20, 1956, the parties continued to carry on in the same fashion as they had prior to November 12, 1955 — that is to say that they continued to consider the job as being done on a "cost plus" basis, the "plus" being both the labor furnished by the plaintiff himself and the labor of others procured by him. *Denied, see special finding.*

9. No consideration is shown for a change from a cost plus basis to a specified price. *Denied, see special finding.*

10. The evidence warrants a finding that both the plaintiff and the defendants understood the instrument of December 20, 1956 to be for the sole purpose of setting out in detail the work which the plaintiff was to do and which was left unfinished on November 12, 1955 and for no other purpose except to furnish the Whitman Savings Bank, construction mortgagee, an itemized list of the specifications in connection with the said bank's obligation to advance money to the defendants under the construction loan agreement. *Denied, see special finding.*

11. The evidence requires a finding that the instrument of December 20, 1956 does not conform in material respects

to a properly executed and legally subsisting instrument under which the parties contemplate a full and complete contract. *Denied, see special finding.*

12. Upon all the evidence, the Court should disregard the instrument of December 20, 1956 insofar as it fixes a stipulated price for construction. *Denied, see special finding.*

13. The evidence requires a finding that the plaintiff continued to work and furnish labor after the mortgage proceeds of $8,000 had been exhausted. *Denied, see special finding.*

14. It is material for the purposes of this case that the original oral understanding between the parties was between the plaintiff as contractor and the defendants herein, Antonio Mendez and Joaquino Mendez, as owners, and that the instrument of December 20, 1956, on the other hand, was between the plaintiff as contractor and the owner, the male defendant, Antonio Mendez as owner, and that there is exhibited no intention on the part of the plaintiff to release the female defendant. *Denied, no credible evidence to support this contention.*

15. The evidence warrants a finding that the plans procured for the construction of the house were modified and altered by mutual agreement of the parties to meet a lesser loan from the bank than what was in the first instance contemplated. *Denied, see special finding.*

## In No. 25673:

1. On the evidence and the pleadings, a finding for the plaintiff is not warranted. *Denied.*

2. The evidence warrants a finding that in spite of the intervention of any written instrument such as the one dated December 20, 1956, the plaintiff and the defendant understood that the house at 298 Monponsett Street, Hanson, was being erected on a "cost plus" basis, the "plus" being the fair value of the defendant's own labor and the fair value of other labor furnished by the defendant. *Denied.*

3. The evidence requires a finding that the execution of the instrument of December 20, 1956 between the plaintiff and the defendant was solely for the purpose of informing the Whitman Savings Bank, the lending institution which was supplying the funds to the plaintiff for construction, as to the specified work which was to be furnished by the defendant to the plaintiff to finish a house already begun. *Denied.*

4. The Court must rule under the circumstances disclosed that the written instrument dated December 20, 1956 did not embody the full agreement of the parties, but it was executed merely for the purpose of satisfying the Whitman Savings Bank to the plaintiff of a loan in the nature of a construction loan. *Denied.*

6. The fact that the owner continued to pay for materials separate and apart from payments for labor is strong evidence that the agreement for a fixed price never took effect or was intended to take effect. *Denied.*

7. The Court must disregard the written instrument dated December 20, 1956 insofar as the said instrument refers to a fixed price of $8,000. *Denied.*

8. The failure of the parties to include in the instrument of December 20, 1956, any reference whatsoever to the fact that at that time the house to be built was actually 40 to 50 per cent completed is strong evidence that the said instrument was not intended to take effect as a valid and subsisting contract. *Denied.*

9. There is no evidence of any consideration for the execution of the instrument dated December 20, 1956. *Denied.*

10. The Court must rule that the plaintiff's case depends entirely upon the execution of a written agreement by which both parties are bound, and if the Court finds in line with the decision in the case of *Beaman Marvel Co. v. Gun,* that no such binding agreement was ever executed, then the plaintiff's case must fail altogether. *Denied.*

The judge made the following findings of fact:

"I find that: The parties hereto agreed that Doucette was to build a house for Mendez and his wife for a fixed price of $8,000, that Doucette negotiated the terms with the bank and introduced the Mendez' to Attorneys, Sturtevant and Sturtevant, and a written agreement was executed on behalf of said parties by said attorneys by the terms of which Doucette was to build a house for the Mendez' for $8,000.00.

The Mendez' fulfilled their part of the agreement.

Doucette failed to perform his part of the agreement whereby the Mendez' were obligated to expend $494.09 to complete the work which Doucette had contracted to do.

The parties agreed orally and subsequently in writing that Doucette was to build a house for the Mendez' for $8,000.00.

Doucette was an experienced builder and fully aware of the contents of the agreement that he signed in Atty. Sturtevant's office, and it was signed for the benefit of the parties and not as a requirement for a bank.

These special findings are to be incorporated in the finding in the case of *Mendez v. Doucette* being Docket No. 25673 of this Court."

The Court made "Special Findings" in the cross action of *Mendez v. Doucette* which

are identical with the findings in the main action.

The Court found for the defendants in the action of *Doucette v. Mendez* and found for the plaintiff in the amount of $494.09 on the cross action of *Mendez v. Doucette*.

Doucette as plaintiff claims to be aggrieved by the denial of his Requests numbered 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14 and 15, and as defendant in the cross action he claims to be aggrieved by the Court's refusal to grant Requests numbered 1, 2, 3, 4, 6, 7, 8, 9, and 10.

We think there was no error. There was testimony, which the judge could accept, that the parties agreed that Doucette would build the house for $8,000, and that a written agreement was executed by the parties by which Doucette was to build the house for that price. This was disputed by Doucette. There was a question of fact which had to be decided by the trial court on all the evidence. There were previous negotiations by the parties but these were merged in the written agreement. *Snider v. Deban,* 249 Mass. 59.

"The only question for us to determine is whether upon the evidence together with all rational inferences which might be drawn therefrom, the findings of the trial judge may be sustained, and his decision is not to be reversed unless as a matter of law it cannot be supported upon any reasonable view of the evidence." *Casey v. Gallagher,* 326 Mass. 746, 748, 749.

*We perceive no prejudicial error and order the report dismissed. So ordered.*

*Maurice H. Kramer* of Boston, Attorney for Doucette.

*Sturtevant & Sturtevant* of Whitman, Attorneys for Antonio Mendez et ux.

*Western District*