CHARLES SALOMON *vs.* ASA S. HATHAWAY & others.

Suffolk. March 27. — April 2, 1879. AMES & LORD, JJ., absent.

No exception lies to the refusal to give a ruling based on facts not appearing in the bill of exceptions.

In an action of replevin, if it appears that the goods in question were sold on condition that the purchaser should give a note for the price, that, though requested, he neglected for three days to give the note, and that the seller did not waive the condition, these facts will warrant the conclusion that the purchaser never acquired any title in the goods, and had no right to retain them against the seller; and, in such case, no demand for a return of the goods is necessary.

REPLEVIN of a quantity of cigars. Answer, a general denial. At the trial in the Superior Court, before *Putnam*, J., without a jury, the following facts appeared:

The plaintiff did business in New York, and the defendants were members of a firm doing business in Boston. The cigars in question were sold to the defendant Hathaway by one Frasier, an agent of the plaintiff; the sale was on condition that the cigars should be sent to the defendants for examination, and if they proved satisfactory the defendants should give a note on four months' time in settlement of the bill. The goods were forwarded with a bill of them amounting to $450; and arrived in Boston on August 24 or 25, 1877. Frasier called at the

defendants' store on Friday, August 25, and requested the note of one of the firm, who replied that the other partner, Jacobson, was out of the city, but would return on Saturday, when he would examine the cigars, and, if they were satisfactory, would give the note.

Frasier testified that, on Sunday, August 27, Mitchell called on him and told him that Jacobson had been ordering goods largely in New York, which they were unable to pay for; that a draft from New York for $800 had been returned on that day; that a note to the plaintiff, given in payment of cigars previously purchased, would fall due on the following Tuesday, and would not be paid; that there was some trouble between the partners, and that he advised the witness to watch his cigars; that the witness telegraphed to the plaintiff to come to Boston, and went himself to the defendants' store, on the next day, Monday, and watched the cigars all day; that they remained in the original cases in which they arrived, excepting that one sample box had been taken out of each case and lay on top of the case; that on Monday Jacobson also told him that there was trouble between the partners; and that on Tuesday the plaintiff arrived from New York and replevied the cigars. Jacobson testified that on Saturday, when he arrived home, his attention was called to the cigars; that he opened the cases, took out samples and examined them; and that he told Mitchell they were satisfactory, and to settle for them. There was no evidence that any demand was made for a note after the conversation with Mitchell on Sunday.

Upon this evidence, the defendants asked the judge to rule that, if Mitchell and Frasier had the conversation on Sunday testified to, and Mitchell then suggested that Frasier should make an attachment on the goods of the firm, and Mitchell told Frasier there was trouble between the partners, and that he would like to have the firm closed up, and suggested that way to do it, and afterwards Frasier did replevy the cigars, and they had been previously accepted and Mitchell was authorized to settle for them, and the reason why they were not settled for and the note not given was in consequence of this suggestion of Mitchell, then, if the sale was a conditional sale, the condition was waived.

The judge declined so to rule ; but found that the sale and delivery of the cigars was conditional upon the defendants' giving a note on four months' time ; that such condition had not been waived by the plaintiff; and that the condition had not been complied with, and no title vested in the defendants.

The defendants also asked the judge to rule that, upon the evidence and facts found, the plaintiff could not sustain his action. The judge refused so to rule ; and found for the plaintiff. The defendants alleged exceptions.

*J. F. Brown & M. H. Swett,* for the defendants.

*W. C. Williamson,* for the plaintiff.

GRAY, C. J. The defendants' first request was rightly refused, because it assumed facts of which there was no evidence, and asked for a ruling in matter of law upon what was a question of fact. The judge, before whom the case was tried without a jury, found, as matters of fact, upon evidence which is not shown to have been insufficient in law, that the sale from the plaintiff to the defendants was conditional upon their giving a note on four months for the price, that the defendants, though requested, neglected for three days to give the note, and that the plaintiff had not waived the condition. These facts warranted the conclusion that the defendants never acquired any title in the goods, and had no right to retain them against the plaintiff. If such was the case, no demand for a return of the goods was necessary before suing out a writ of replevin. The judge therefore rightly refused to rule that, upon the evidence stated and the facts found, the plaintiff could not sustain his action. *Hill* v. *Freeman,* 3 Cush. 257, 260. *Farlow* v. *Ellis,* 15 Gray, 229. *Hirschorn* v. *Canney,* 98 Mass. 149.                    *Exceptions overruled.*