W. A. YOUNG, ASSIGNEE, APPELLANT, vs. KANSAS MANUFACTURING COMPANY, APPELLEE.

Where goods are bought upon agreement that notes shall be given for the purchase money when delivery is made, the giving of the notes is a condition precedent, and title does not vest until the notes are given, unless the condition be waived. Whether waived or not, is a question of fact for the jury, to be determined from all the facts and circumstances before them.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*Randall, Walkers & Foster* for Appellant.

*D. U. Fletcher* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court :

Action of replevin was commenced in Duval county by the appellee against W. A. Young, the appellant, who was the assignee of Morris A. Dzialynski. The evidence in the cause was as follows :

" It is agreed by and between Messrs. Randall, Walkers & Foster, counsel for the defendant in this suit, and Fletcher & Wurts, counsel for plaintiff, to require no evidence in support of the following facts, but to admit the truth of the same and to allow the facts to be read in evidence to the jury, saving all legal objections to the competency of the said facts to prove the issues.

" It is agreed that the goods taken by the Sheriff under plaintiff's writ in this suit are the goods mentioned in the declaration.    That they were manufactured by the Kansas Manufacturing Company, the plaintiff in this suit and a corporation organized and doing business under the laws of the State of Kansas ; that the said goods were manufactured by the plaintiff upon the accompanying order of M. A. Dzialynski, of Jacksonville, Florida, as modified by the accompanying letters marked Exhibit A, Exhibit B, Exhibit C, Exhibit D, and made a part of this agreement ; that said goods were shipped by plaintiff to the said Dzialynski September 22d, 1885, and arrived in Jacksonville, Florida, October 3d, 1885, and were delivered by the Savannah, Florida and Western Railway Company to the de-

396 .. SUPREME COURT.

W. A. Young v. Kansas Manufacturing Company—Opinion of Court.

fendant herein October 7th and 8th, 1885, and were in his possession when this suit was commenced; that said Dzialynski never executed any note or notes to the plaintiff for said goods, and that they have never been paid for; that demand was made on the defendant for said goods by the plaintiff and he refused to surrender possession of the same; that the plaintiff's place of business is Leavenworth, in the State of Kansas.

"It is also agreed that S. F. Taylor, a witness for the plaintiff, and an officer of said company, would swear, if present, on the trial of this cause, and said statement may be read to the jury as his testimony, subject to all legal objections as to competency; that this was the only transaction the plaintiff ever had with said Dzialynski, except the sale to him of two wagons or buggies shortly before the order for said goods was given; that as soon as the news of Dzialynski's failure reached the plaintiff, its agent, S. F. Taylor, came without delay to Jacksonville, Florida, and demanded the goods of the defendant, who refused to surrender them, whereupon this suit was brought; that when the plaintiff's agent left Leavenworth for Jacksonville it was not supposed by the managers of the plaintiff that sufficient time had elapsed for the goods to have reached Jacksonville, and the agent expected to reach Jacksonville before the goods; that the value of the goods described in the declaration is $2,500, and that one of the wagons (complete) mentioned in the declaration could not be found by the Sheriff, and that its value was $100.

"RANDALL, WALKERS & FOSTER,

" For Defendant.

"FLETCHER & WURTS,

" May 21st, 1886.        " For Plaintiff."

"It is further agreed that the goods in question are claimed by defendant under a voluntary assignment in in-

JUNE TERM, 1887. 397

W. A. Young v. Kansas Manufacturing Company—Opinion of Court.

solvency from said Dzialynski to said Young, made and filed in the clerk's office of Duval county, on the 5th day of October, 1886, for the benefit of preferred creditors, of whom the plaintiff is not one, and, after they are paid, for the benefit of creditors at large.

" RANDALL, WALKERS & FOSTER,

" For Defendant.

" FLETCHER & WURTS,

" For Plaintiff."

" EXHIBIT A.

" Order No. 6773. June 8th, 1885.

" *The Caldwell Wagon Company, Leavenworth, Kansas :*

" Ship the following wagons on or about the     day of 18   , to be consigned as follows: M. A. Dzialynski, Jacksonville, Fla. :

| NO. | SIZE. | TRACK. | BEDS. | PRICE. |
|---|---|---|---|---|
| 7 | 1 in. axle. | 5-2 tire 1¼, drop gate, 2 seats, shafts | 6 ft. | $78.00 |
| 10 | 1⅛ in. axle. | 5-2 tire 1¾, drop truss gate, pole and shafts.......................... | 7 „ | |
| 8 | 1½ in. axle. | 5-2 tire 1¾, drop gate, 2 seats, pole and shaft........................ | 7 „ | 83.00 |
| | | Panel bodies on last 3 items, double elliptic ........................... | | |
| | | 2 full curtain canopy tops on 1 in. axle truss........................ ........ | | |
| | | 3 full curtain canopy tops on 1⅛ in. axle truss........................ | | |
| | | Tops not to cost more than $20.00... | | |

" Plate on tail gate, ' M. A. Dzialynski, State Agent, Jacksonville, Fla.' Carmine and wine, colors for gear.

" Terms : Four and six months on car load lots ; four months on less. Free on board cars at factory, for which I agree to give two notes with exchange on receipt of goods. Notes payable at Bank of Jacksonville. It is hereby expressly agreed that the rate of freight is not to be guaranteed by you, nor are you to be held responsible for

any overcharge for excess freight.    This order subject to your approval.

"  M. A. DZIALYNSKI,
"  J. Solomon, Attorney."

Forwarded by Frank Ludlow, Agent.

"  EXHIBIT B.

"JACKSONVILLE, Fla., June 27th, 188   .

" *S. F. Taylor, Leavenworth, Kansas:*

"DEAR SIR: In reply to letter of Mr. F. Ludlow, would say you will please put $1\frac{1}{2}$ inch tire on the 1 inch axle, 6 foot bodies, also paint panel bodies dark green, with straw or lemon grass, also some red bodies with lemon grass.

"  Yours respectfully,
"  M. A. DZIALYNSKI, S."

"  EXHIBIT C.

"  JACKSONVILLE, Fla., August 31st, 1885.

" *The Kansas Manufacturing Co.:*

"  GENTS. : Owing to the depression in trade in this section I will have to decline taking the car load of wagons without you wish to sell them to me on the following terms, viz: four, eight and twelve months' time.    Awaiting your reply,              I remain, yours truly,

"  M. A. DZIALYNSKI,
"Solomon."

"  EXHIBIT D.

"  JACKSONVILLE, Fla., June 29th, 1885.

" *The Kansas Manufacturing Co.:*

"GENTS.: In reply to your favor would say make all tires $1\frac{1}{2}$ inch, with as light a felloe as possible, and oblige

"  Yours respectfully,
"  M. A. DZIALYNSKI,
"Solomon."

The defendant then and there introduced the assignment

JUNE TERM, 1887. 399

W. A. Young v. Kansas Manufacturing Company—Opinion of Court.

of M. A. Dzialynski of all his property for the benefit of his creditors.

We think it is plain that by the contract made between the parties, that the giving the notes by Dzialynski was a condition which required performance by him before the title to the goods vested in him. It is equally plain that if the plaintiff delivered the goods without requiring the performance of the condition, that the law would presume that the condition was waived. This, however, is merely a presumption, and if the plaintiff could satisfactorily show, from the circumstances attending the delivery, that he did not intend to waive performance of the precedent condition, then the title would not vest in Dzialynski until the notes were given. Whiting vs. Eaton, *et al.*, 15 Gray, 225; Farlon vs. Ellis, *et al.*, ib. 229; Armour vs. Pecker, 123 Mass., 143; Solomon vs. Hathaway, 126 Mass., 482. These authorities might be many times multiplied. In case of a contract to sell when some act is to be done by the purchaser at the time of the delivery of the goods, which is a condition precedent to the passing of the title in the goods to the purchaser, and the seller delivers the goods, but claiming afterward that he did not waive his right to the performance of the condition by such delivery, it becomes a question of fact as to whether the delivery was subject to the condition or not, to be determined by the jury from all the facts and circumstances. 15 Gray, 229, *supra*. We do not think it can be claimed that the letter of Dzialynski of August 31, 1885, modified the contract in any respect, except as to time of payment. The contract was made and agreed on, and he requests a modification in one particular alone—time. It cannot be stretched into changing any other stipulation not alluded to, and have the effect of converting the sale into one of general credit. The agreement to give notes still remained.

The court, we think, fairly presented the case to the jury, both in the instruction given of its own motion, and in one requested by the appellant.

They were as follows: "If you find that the Kansas Manufacturing Company shipped the goods to M. A. Dzialynski on the terms that Dzialynski should send his notes in payment for the goods on receipt of the same, and that Dzialynski did not send his notes, you will find for the plaintiff, unless the plaintiff waived the terms of payment." 2. "A condition annexed to a contract that notes or cash shall be delivered to the vendor at the time of the delivery of the goods to the vendee, is waived unless the vendor at the time of said delivery of the goods demands the cash or notes, and on his failure to make such demand at said time, the title to the property passes and vests absolutely in the vendee, unless the facts in evidence taken altogether show that the condition was not waived." The evidence of Taylor was regarded by the jury as sufficient to show that the condition was not waived.

There was no error in the record, and the judgment is affirmed.