Nichols, Respondent, v. Bruns et al., Appellants.

**Principal and Agent — Ratification of Tort — Knowledge Requisite.**

> One cannot be held liable for the fraudulent representations of an unauthorized agent by accepting the benefits without knowledge of the representations. In such case, where the court charged the jury, if the principal accepted the benefits he was liable for the representations, *held* error.

(Argued May 10, 1887; reversed May 26; opinion filed February 8, 1888.)

Appeal from the district court of Cass county; Hon. S. A. Hudson, Judge.

*R. R. Briggs*, for appellants.

The plaintiff urges that appellants ratified the agency of Howard by permitting the conveyance of these lots to stand. They certainly did not ratify any fraud on the part of Howard, unless they knew of it. They ratified simply the giving of the price of the lots, and that the conveyance might stand in their three names as tenants in common. In so far as Bruns was concerned, Howard never had authority to make any bargains respecting these lots. Cooley, Torts, 128; *Adams* v. *Freeman*, 9 Johns. 118; 1 Sutherland, Damages, 212; *Page* v. *Parker*, 40 N. H. 47.

Howard never had any appointment as agent of the defendant Bruns. Whatever representations were made by Howard were made on his own behalf, and not in any way representing either of the appellants. Therefore there were no misrepresentations made to the plaintiff on behalf or in the name of either of the appellants; and the fact is that defendant Howard was clothed with no authority whatever to bind defendant Bruns, and the acts and representations of Howard, in so far as Bruns was concerned, were the acts and representations of a stranger. Consequently Bruns did in no way speak or act through the agency of Howard, and we think from the authorities this general proposition is deducible:

That where a stranger falsely assumes to be the agent of a third party, and by deceit purchases a tract of land at its full value of its owner, and in the deed names a fourth party (whose agent he was not) as grantee, (without the knowledge of the grantor,) whose money he has without authority used to effect such a purchase, the grantee in said deed, in finally allowing said deed to stand, does not ratify any fraudulent representations made by said stranger, unless at the time of such alleged ratification he has knowledge of the deceit.   C. C. § 1375; C. C. Cal. § 2339; C. C. § 1374; Story, Agency, (9th Ed.) 239; Wharton, Agency, 65, 68; *Lee* v. *West*, 47 Ga. 311; C. C. § 1349; C. C. Cal. § 2310; C. C. § 1370.

*Horace Austin* and *Wilson, Ball & Wallin*, for respondents.

To maintain the verdict in this case, it is not essential to establish the fact that Bruns and Moore, or either of them, actually participated in the unlawful means used by Howard to obtain the conveyance.   It is sufficient that the purchase was a partnership undertaking, a joint adventure; that Howard was the agent of Bruns and Moore in obtaining the title from the plaintiff.   That one partner should be held responsible civilly for the fraudulent acts of his copartner, or a principal for such acts of his agent, it is not essential that such partner or principal should have had any criminal or guilty participation in, or knowledge of, the fraudulent means taken to accomplish the object.   Civil Code, §§ 1366, 1374; Story, Partnership, § 108; Collyer, Partnership, § 445; Dunlap's Paley's Agency, pp. 301, 302, 324, 325; Chitty, Contracts, 198, 199, notes *l* and 4; 3 Chitty, Com. Law, 209; *Hern* v. *Nichols,* 1 Salk. 289; *Griswold* v. *Haven*, 25 N. Y. 595, 600; 31 N. Y. 529; 39 N. Y. 287; 47 N. Y. 27; *Locke* v. *Sterns*, 1 Met. 562, 563; 1 Addison, Contracts, § 61.

TRIPP, C. J.   This is an appeal from Cass county.   The action is one of tort in the nature of deceit.   The complaint charges a conspiracy on the part of the defendants, Bruns, Moore, and

Howard, carried into effect through the agency of defendant Howard, acting for and on behalf of all the defendants, whereby the plaintiff was induced, through the fraudulent representations of said Howard, made with the knowledge of the other defendants, to convey to them certain lots in the town of Moorhead for a sum much less than the real value, and by reason thereof he suffered damages, etc.

The defendant Howard answers separately, and the defendants Moore and Bruns jointly. The answers of all the defendants, in effect, deny generally the allegations of the complaint, and specifically the allegations of conspiracy, fraud, and deceit. The answer of Moore and Bruns specifically pleads ignorance of the fraudulent representations alleged in the complaint, and the defendant Bruns specifically pleads a want of authority on the part of defendant Howard to make the purchase for him or on his behalf.

No objection is raised by either party to the form or sufficiency of the pleadings, and the case seems to have been tried upon the theory that they were sufficiently expansive to cover any case made by the evidence. The entire evidence and the charge of the court is set out at length in the record, and the exceptions taken are numerous; the assignment of errors alone covering fourteen printed pages.

A motion for a new trial was made and filed more than one year after the verdict was rendered; but, as the order denying it does not state the grounds upon which it was denied, it must be presumed to have been upon the ground that the motion was not made within the time nor in the manner prescribed by statute. It cannot, therefore, be considered, and the court will be confined to errors contained in the bill of exceptions and apparent of record.

At the close of the evidence the plaintiff seems to have practically abandoned the theory of active conspiracy, and to have based his right of recovery against the defendant Moore upon the theory that he, having authorized the purchase, was bound by the fraudulent representations of Howard made in his (Moore's)

interest, though made without his knowledge or consent; and that, as to defendant Bruns, he, having accepted the deed, and paid therefor, thereby made Howard his agent, and ratified his acts, including all fraudulent representations made to the plaintiff; and plaintiff accordingly asked and obtained from the court the following instructions, among others, to the jury:

"That it appears from the evidence, and is not controverted by either party, that the defendant Howard acted, in making the purchase, not only for himself, but for the defendant Moore, and had express authority from said Moore to insert his name in the deed as one of the purchasers.

"That when defendant Bruns adopted the purchase, and consented that the same should stand in his name as one of the grantees in the deed of conveyance, he confirmed Howard's agency in acting for him (Bruns) in making the purchase, even though Howard's action in Bruns' behalf had before this been entirely voluntary on his part, and unauthorized by others.

"That if the jury find from the evidence that the defendant Howard acted, in making the purchase, as the agent of the other two defendants by their authority, or that they thereafter adopted the purchase made by Howard, and have adopted the fruits and profits of and arising from the conveyance, then they are, and each of them is, responsible for all the means employed by their said agent to effect the sale, and damage to be ascertained and computed as above directed."

This instruction was duly excepted to, and assigned as error. In giving this instruction, in our judgment, the court erred. It is safe to say it has never been sought before to extend the liability of the principal for the torts of his agent to this extent. It is a much-mooted question whether the principal is ever liable, in an action of tort, for the fraudulent misrepresentations of his agent, made without the knowledge or authority of the principal. In England, in 1867, within two days of each other, two decisions of appellate courts were handed down, in which those learned courts came to exactly opposite conclusions; the one, *Barwick* v. *Bank*, L. R. 2 Exch. 259, holding that the prin-

cipal is liable in tort for the fraud of his agent committed in. the course of his business, though without the knowledge of the principal; and the other, *Bank* v. *Addie*, L. R. 1 H. L. Sc. 146, holding that such an action cannot be maintained, that fraud. is in its nature willful, and that the principal or master is not,. as a rule, liable for the willful wrongs of the agent or servant. The doctrine of *Bank* v. *Addie*, *supra*, has been adopted in America by the New Jersey court, in *Kennedy* v. *McKay*, 43 N. J. Law, 288; and the doctrine of that case seems to have been adopted in *Page* v. *Parker*, 40 N. H. 47, which is cited in 1 Suth.. Dam. 212, as holding that "an action for deceit, in the nature. of a conspiracy, cannot be sustained against a principal for the unauthorized fraudulent acts and representations of the agent, alone."

The doctrine of *Bank* v. *Addie*, *supra*, has, however, been. somewhat modified in England by later decisions, (*Swift* v. *Winterbotham*, L. R. 8 Q. B. 244; *Mackay* v. *Bank*, L. R. 5 P. C. 394; *Houldsworth* v. *Bank*, 5 App. Cas. 317;) but it may be safely stated that the rule has never been extended further than to hold the principal liable in tort for the fraud of his agent committed within the scope of his authority.

This instruction goes to the full extent of telling the jury that,. if the defendant Bruns accepted the deed, he thereby ratified the fraudulent representations of Howard, *though ignorant that any such representations were ever made;* for the instruction is. that, "if he adopted the purchase made by Howard," then he "is responsible for all the means employed by the agent to effect the sale." There can be no other meaning, and the jury could have understood the instruction in no other way than that, if he accepted the deed, he was equally liable with Howard for the false representations. There was little left for the jury on. this branch of the case. The accepting the deed was admitted, and the defendants Bruns and Moore stood before the jury in the same shoes with Howard. There is no modification of this. instruction in the general charge of the court or elsewhere.. The court nowhere tells the jury that knowledge of the material.

facts is an essential ingredient of ratification.    It is elementary
that ratification is based upon knowledge of the acts adopted or
ratified.    Says Judge STORY, in the case of *Owings* v. *Hull*, 9 Pet.
629:  "No doctrine is better settled, both upon principle and
authority, than this:  that the ratification of an act of an agent
previously authorized, must, in order to bind the principal, be
with a full knowledge of all the material facts."

The court and counsel in this case, no doubt, had in mind
the class of cases which hold that, where an authorized agent,
*acting within the scope of his authority*, perpetrates a fraud for
the benefit of his principal, and the latter receives the fruits of
it, he is liable as for his own wrong, (*Bennett* v. *Jodson*, 21 N.
Y. 238; *Elwell* v. *Chamberlin*, 31 N. Y. 611, etc.;) and failed to
discriminate between the defense of defendants Moore and Bruns.
Howard was not acting within the scope of his authority as to
defendant Bruns when he obtained this conveyance and made
these representations, if the jury should believe the testimony
of Bruns himself, but he was acting outside of and beyond the
scope of his authority; and the agency itself of Howard to make
the purchase would have to be established by ratification.    In
such case it is safe to say no court has ever held that the re-
ceipt of "the fruits and profits" of a transaction, without knowl-
edge, has ever been held a ratification of the agent's fraud.    In
*Smith* v. *Tracy*, 36 N. Y. 79, where the agent had gone outside
of his authority, and warranted the sale of bank-stock, when no
authority to warrant was implied, and it was claimed that the
receipt of the proceeds of the sale ratified the unauthorized acts
of the agent, the court, denying this doctrine, says: "In the
case before us, it is claimed that the receipt by the testator of
the proceeds of the authorized sale is to be deemed an adoption
of the contract, made without his authority, and to which he
never knowingly assented.    Such a ruling would be subversive
of well-settled principles, and would open the door to illimitable
frauds by brokers, factors, attorneys, and others, clothed with
limited powers, and occupying strictly fiduciary relations."    See,
also, *Bohart* v. *Oberne*, 13 Pac. Rep. 388; *Baldwin* v. *Burrows*,

47 N. Y. 199; *Navigation Co.* v. *Dandridge*, 8 Gill & J. 323; *Roberts* v. *Rumley*, 58 Iowa, 301, 12 N. W. Rep. 323; *Reynolds* v. *Ferree*, 86 Ill. 576; *Adams* v. *Freeman*, 9 Johns. 118; *Lewis* v. *Read*, 13 Mees. & W. 834; *Hyde* v. *Cooper*, 26 Vt. 552; *Bell* v. *Cunningham*, 3 Pet. 69; *Brady* v. *Todd*, 99 E. C. L. 591; *Seymour* v. *Wyckoff*, 10 N. Y. 213.    Our own statute is an embodiment of the principles of the common law.    Civil Code, § 1349.    "A ratification can be made only in the manner that would have been necessary to confer an original authority for the act ratified, or, where an oral authorization would suffice, by accepting or retaining the benefit of the act, with notice thereof."

The cases that hold a principal liable for the torts of the agent committed in the course of his employment do not base the right of recovery upon the ground of ratification, but rather upon the ground of public policy,—that of two innocent parties the one must suffer who has been the indirect cause of the injury by placing the agent in such position as to be the primary cause. Lord HOLT, in the early case of *Hern* v. *Nichols*, 1 Salk. 289, states the reason of the rule thus : "For, seeing somebody must be a loser by this deceit, it is more reason that he that employs and puts a trust and confidence in the deceiver should be a loser than a stranger."    Judge Story puts it in this way : "The whole doctrine proceeds upon the intelligible ground that, whenever one of two innocent parties must suffer by the act of a third person, he shall suffer who has been the cause or occasion of the confidence or credit reposed in such third person."    Story, Partn. § 108.    Chief Justice SHAW says : "The rule [that the principal is liable for the fraud of his agent] proceeds upon the ground that the servant is acting within the scope of his authority, actual or constructive."    *Locke* v. *Stearns*, 1 Metc. 563.    It is a species of estoppel upon the principal, whereby he is not permitted to show that the acts were committed without his knowledge or consent.    No case bases the right of recovery upon ratification in accepting the fruits of the transaction.    The principal would be equally liable for the torts of his agent or servant, committed in the course of his employment, whether he accepted

or rejected the fruits. The law requires him to so far accept
the fruits of his servant's misconduct as to be responsible there-
for. Our own statute is here an embodiment again of these
principles of the common law. Section 1374: "Unless required
by or under the authority of law to employ that particular agent,
a principal is responsible to third persons for the negligence of
his agent in the transaction of the business of the agency, in-
cluding wrongful acts committed by such agent in and as a part
of the transaction of such business, and for his willful omission
to fulfill the obligations of the principal." Section 1375: "A
principal is responsible for no other wrongs committed by his
agent than those mentioned in the last section, unless he has
authorized or ratified them, even though they are committed
while the agent is engaged in his service." By the last section
the principal is never liable for wrongful acts not committed by
the agent as a part of the transaction, unless he authorized or
has ratified them. If the jury believed Bruns, he never author-
ized the purchase, and he never ratified it "by accepting the
benefit, with the notice thereof." Section 1349, *supra.* And
this is the more especially the proper rule in an action of deceit,
as applied to the facts of this case, where the defendant Howard
was at most a special agent, of whose power and authority the
plaintiff was charged with notice. *Nixon* v. *Palmer,* 8 N. Y.
398; *Beals* v. *Allen,* 18 Johns. 363.

It was therefore error to give this instruction to the jury with-
out in some manner informing them that such adoption of the
purchase must be accompanied with knowledge or notice of the
material facts of the transaction; and as the action is joint, and
all the defendants have appealed, a new trial must be granted
as to all.

The tide seems to have been strongly with the plaintiff in
the trial of this case, and the defendants seem to have been sur-
prised at the final turn taken by plaintiff's attorneys in its sub-
mission to the jury, and the defense was not fully developed.
The case is one bristling with close and difficult questions of
law, which we have not seen fit to determine, if proper to do

so in this premature presentation to the court; and, as the case must go back for a new trial, we have thought best to send it down unhampered by "the law of the case," with the remark that all other errors in the case assigned and presented in argument are left open and undetermined, subject to future examination and determination, should the case ever find its way here again. The judgment is reversed, and a new trial ordered.

All the justices concurring.