J. I. Case Threshing Machine *Co.* v. Eichinger, *et al.*

1. Under Comp. Laws, § 4938, providing the court may allow the amendment of a pleading by the addition of allegations, it was proper to allow such an amendment to a complaint where it stated no new cause of action, as evidenced by the fact that a recovery under the original complaint would have been a bar to a recovery under the complaint as amended.

2. Comp. Laws, § 4911, providing that, if the complaint be amended, a copy thereof must be served on defendant, who must answer within 30 days, applies only to complaints amended after a demurrer to the same has been sustained, and has no application to an amendment made in the action by order of the court.

3. Where a notice of motion for leave to amend a complaint was served 10 days before term, and the trial was had on the eighth day of the

term, and it was not shown by defendants' affidavit for a continuance that there were absent witnesses whose testimony could not be obtained, nor that defendants were surprised, though it appeared counsel were busy in the trial of cases, and had no time to prepare the required answer, a continuance was properly denied.

4.  Comp. Laws, § 5034, provides for the giving of notice of trial and filing of a note of issue, and that "there need be but one notice of trial and one note of issue from either party, and the action must remain on the calendar until disposed of, and when called may be brought to trial by the party giving the notice." *Held*, that after the filing of an amended complaint it is not necessary to serve another notice of trial and note of issue.

5.  In claim and delivery by the seller of a threshing machine against the purchaser, on the latter's failure to give notes and mortgage therefor as agreed, defendants set up an estoppel in that defendants had paid freight on the machine with knowledge of plaintiff's agent, and with knowledge of such agent had taken possession of the machine, and expended money in repairing the 'same. *Held*, that a demurrer to the defense was properly sustained, defendants having agreed to pay the freight, and the improvements on the machine not seeming to have been required by defects therein.

6.  Since defendants were seeking to charge plaintiffs by the acts of their agent, it was proper to admit in evidence the agreement under which the agent was authorized to act as agent and containing his instructions.

7.  Comp. Laws, §§ 3643, 3644, provide that a buyer must pay the price of the thing sold on its delivery, and must take it away within a reasonable time after the seller offers to deliver it; and on an agreement for sale, with warranty, the buyer has a right to inspect the thing sold for a reasonable time before accepting it. The puchaser of a threshing machine gave the seller an old machine in part payment, and agreed to give notes and a mortgage for the balance. The purchaser paid the freight on the new machine, and on its arrival unloaded it, and put the same in running order, but refused to give the notes and mortgage. *Held*, on claim and delivery for the machine by the seller, that there had been no delivery.

8.. The machine not having been delivered, defendants were not entitled to compensation for the use of the machine for the time it was held by the sheriff.

9. Where an agent for the manfacturer of threshing machines falsely represents to a purchaser that the machine purchased is shipped and on the way, and relying on such statement, the purchaser delivers an old machine in part payment, the seller is not liable for damages to the purchaser from loss of the use of the old machine while waiting for the arrival of the new one, in the absence of a showing that the agent had authority to make such representation, or that the seller knew of the representation, and it appearing that the instructions to the agent forbade any agreement to deliver on any particular day.

(Opinion filed April 1, 1902.) ·

Appeal from circuit court, Deuel county.  HON. A. W. CAMP-BELL, Judge.

Action by the J. I. Case Threshing Machine Company against J. R. Eichinger and others.  From a judgment for plaintiff, defendants appeal.  Affirmed.

*George H. Marquis* and *Albert R. Allen,* for appellants.

*George W. Case* and *H. H. Potter,* for respondent.

CORSON, J.    This is an action in claim and delivery to recover possession of certain threshing machinery.  The plaintiff is engaged in the manufacture of threshing machines at Racine, Wis., and the defendants are residents of Clear Lake, Deuel county, in this state. On July 29, 1898, the defendants gave a written order to the plaintiff, through its local agent, for the threshing machinery, agreeing to receive the same on arrival, subject to warranty therein, and to pay freight charges thereon, and to pay for the same by turning over to the plaintiff a second hand threshing outfit, and executing and delivering certain notes, secured by chattel mortgage, for the unpaid balance.  On August 18th the defendants delivered the second hand

rig to the said agent in part payment for the new machinery. The new machinery, however, did not arrive at Clear Lake until September 5th, at which time the defendants paid the freight, assisted in unloading the machinery, setting the same up, and took it to a nearby blacksmith shop to have some slight changes made in it. After the defendants had examined the new machinery, and were apparently satisfied with it, the agent of the plaintiff demanded of defendants the notes and security agreed to be delivered for the unpaid balance due upon the same. These they refused to give, and upon demand refused to deliver up to the agent the possession of the machine. Thereupon this action was instituted to recover possession of the same. On the 20th of October, 1898, a notice of trial was served and a note of issue filed by the respective parties for the March term, 1899, of the circuit court. At the opening of said court on March 21st, plaintiff, upon notice previously served, moved the court for leave to file an amended complaint. This motion was granted by the court over the objection of the defendants, who duly excepted. The first error assigned is that the court erred in granting the plaintiff leave to file the amended complaint.

It is contended on the part of the appellants that the amended complaint served contained a new cause of action, and the court was not, therefore, authorized to permit such an amendment at the beginning of the term of court, and its allowance at that time was an abuse of its discretion. Under the system of pleading in force in this state it is the duty of the courts in furtherance of justice to exercise their powers liberally in permitting amendments to pleadings, in order that the real issues between the parties may be fairly tried. In the case at bar, while the amended complaint sets out the facts on which the plaintiff relies more fully and in detail, the facts constituting the cause of action do not, in our view of the case, change the nature

of the action, or set up a new cause of action.  Willis v. De Witt, 3 S. D. 281, 52 N. W. 1090.  In 1 Enc. Pl. and Prac. p. 556, the following general rule is laid down as a test of whether or not the amended pleading states a new or different cause of action : "It has been declared to be a fair test in determining whether a new cause of action is alleged in the amendments to inquire if a recovery had upon the original complaint would be a bar to any recovery under the amended complaint, or if the same evidence would settle both," etc.   Section 4938, Comp. Laws, as amended by Chapter 54, Laws 1897; Lustig v. Railway Co. (Sup.) 20 N. Y. Supp. 477; Coby v. Ibert (City Ct. Brook.) 25 N. Y. Supp. 998.   Clearly, in this case a verdict and judgment for or against the plaintiff on the trial upon the original complaint would have constituted a bar to any recovery upon the amended complaint.   Both actions were for the recovery of this machinery, and the facts stated in the amended complaint could have all been given in evidence under the original complaint.

It is further contended by the appellants that the court erred in denying defendants' application for a continuance, and ordering that the case stand for trial for the March term, and that the defendants should answer the amended complaint when the case should be called for trial.   The notice of motion for leave to amend was served some ten days before the commencement of the term, and about eight days intervened between the commencement of the term and the time of the trial.   This contention of the appellants is based upon three propositions :  (1) That under Section 4911 the defendants had 30 days in which to answer the amended complaint;  (2) that two short a time intervened between the time of filing the amended complaint and the trial to enable the defendants to properly prepare an answer and to prepare for trial;  and (3) no new notice

of trial and note of issue had been served and filed after the amended complaint was filed, and that, therefore, the court had no jurisdiction to proceed with the trial. Neither of these propositions is tenable. Section 4911, which provides that, "if the complaint be amended a copy thereof must be served on the defendant, who must answer it within 30 days," applies only to complaints amended after a demurrer to the same has been sustained, and has no application to an amendment made in the action by order of the court. No new matters were alleged in the amended complaint not within the knowledge of the defendants, and they seem to have been given ample time in which to prepare an answer and prepare for their defense. In the showing for a continuance it was not claimed that there were absent witnesses whose testimony could not be obtained, nor that the defendants were surprised, within the ordinary meaning of that term. No new notice of trial or note of issue was required under our statute. Section 5034 provides for the giving of notice of trial and filing a note of issue, and therein provides: "There need be but one notice of trial and one note of issue from either party, and the action must remain on the calendar until disposed of, and when called may be brought to trial by the party giving the notice." This latter clause is not found in the New York Code as applicable to any part of that state except the city of New York, and hence the authorities cited from that state have no application to our Code. Section 977, Code Civ. Proc. N. Y.; 7 Wait, Prac. p. 252. It is quite clear under our code that only one notice of trial and one note of issue are required. Connor v. Corson, 13 S. D. 550, 83 N. W. 588. The case was therefore properly on the calendar, and was properly for trial at that term of the court, notwithstanding the amended pleadings. An application for continuance, like a motion for leave to amend, is largely within the discretion of

536    J. I. Case Thresh. M. Co. *v.* Eichinger *et al.*

Opinion of the Court—Corson, J.    · [15 S. D

the trial court, and an order denying the same will not be reversed in this court unless there has been an abuse of such discretion. Gaines v. White, 1 S. D. 434, 47 N. W. 524. In the case at bar the affidavit for the continuance was not of such a character as to require the court to grant the same. The most that can be claimed for it is that the counsel were engaged in the trial of cases, and did not have the required time to prepare the answer; but this was clearly insufficient ground for a continuance.

To the amended complaint of the respondent the defendant pleaded three defenses, the first of which was in substance, that the plaintiff, through its agent at Clear Lake, induced the defendants to deliver the second hand threshing rig as part payment for the new machinery some 15 days before the arrival of the same by falsely representing to them that the new rig had been shipped; and that they were thereby deprived of the use of their second hand rig from the 18th day of August until the arrival of the new machinery on September 5th, and sustained damage of $50 per day. In the second defense they sought to plead an estoppel by alleging that defendants paid freight on the said new machinery with full knowledge and consent of the said agent, and with the full knowledge and consent of the said agent and of plaintiff they took actual possession of the property described in the complaint; that with the full knowledge of said agent the defendants, at their own cost and expense, unloaded said machinery from the car, and necessarily expended in so doing the sum of $10; that with the knowledge and consent of said agent appellants made improvements on said threshing machinery of the value of $11, and that by reason thereof the plaintiff is estopped from recovering the said property. Defendants also set up the loss of the use of the new machinery for three days while held by the sheriff in the claim and delivery proceedings, and demand $150

damages therefor. The respondent demurred to these defenses, and the demurrer was sustained to the defense of estoppel, as the facts were insufficient to constitute an estoppel. The court was clearly right in sustaining the demurrer to the defense of estoppel. The appellants had contracted to pay the freight on the machinery, and the improvements alleged to have been made did not seem to have been required by reason of any defect in the machinery; hence the acts alleged in the answer of the appellants as to the estoppel constitutes no defense to the same. The demurrer to the counter-claims was overruled by the court, but subsequently the court seems to have taken the view that they were not proper subjects of counter-claim, and disallowed them in the final determination of the case. On the trial the court admitted in evidence over the defendants' objection the agreement under which the local agent was authorized to act as such agent for the plaintiff, and the instructions to him, as such agent, constituting a part of the agreement. The objection was properly overruled. The defendants were seeking to charge the plaintiff by reason of the acts of the agent, and hence it was proper for the plaintiff to show the powers it had conferred upon the agent, either actual or ostensible, in order that it might properly be determined whether the acts of the agent were binding upon the plaintiff. Schull v. New Birdsall Co. 15 S. D 8, 86 N. W. 654. it was stipulated at the close of all the evidence that the value of the use of the old rig was $34 per day for the 14 days mentioned in the answer, but without waiving any right on the part of the plaintiff to object to the competency or relevency of the evidence and without waiving any right on the part of the defendants to have any and all other issues submitted to the jury. Thereupon the plaintiff moved the court in effect to direct a verdict for the plaintiff that it had a special interest in the property to the extent of $1,250, and for judg-

ment in its favor. Before any ruling was made upon this motion the defendants moved the court that the other issues in this action viz. the question of the right to the possession, the question of the value of the use of the new machinery for the three days it was held in the possession of the sheriff, and all other questions of fact, be submitted to the jury. Upon these motions the court made the following decision: "That in view of the rulings and holding of the court upon the question of delivery of this threshing machine, sold by virtue of the contract in evidence, and in view of the stipulation entered into by counsel as to the value of the use of the old rig, there remains no question of fact in dispute which could be submitted to this jury, and it is ordered that the jury be discharged from further consideration of this case." To which ruling the defendants duly excepted. The jury were thereupon discharged and the court subsequently found the facts and entered judgment for the plaintiff as requested by it. It is contended on the part of the defendants that the court erred in assuming to decide the question of the possession of the machinery, as the evidence as to delivery was conflicting and should have been left to the jury; that the court erred in not submitting to the jury the other issues in the case, and in discharging the jury against the objections of the defendants, thereby denying to them the benefit of a jury trial guarantied to them by the constitution.

The first question presented by these motions and the court's ruling is, was there any issue to be submitted to the jury? In other words, was the court right in holding that there was no delivery of the machinery upon the undisputed facts? Second. Was the ruling of the court that there were no issues to be passed upon by the jury correct? It was undisputed that on the arrival of the machinery at Clear Lake the defendants paid the freight, unloaded it from the

cars at their own expense, fired up the engine, and attached thereto the thresher, and ran the same to a blacksmith shop in the town, and caused some changes to be made therein at their own expense; and that upon failure to deliver the notes and mortgage for the unpaid balance upon demand they refused to return the machinery to the plaintiff. By the terms of the order of purchase the defendants, as before stated, agreed to pay the freight, and had a right to inspect the machinery before accepting the same, which necessarily included the right to put it in running order; but they had no right to absolute possession until they executed and delivered the notes and mortgage for the unpaid balance due upon the same as stipulated. The defendants had not only stipulated to pay for the machine on delivery, but the civil code of this state provides that; "A buyer must pay the price of the thing sold on its delivery; and must take it away within a reasonable time after the seller offers to deliver it. On an agreement for sale, with warranty, the buyer has a right to inspect the thing sold, at a reasonable time, before accepting it, and may rescind the contract if the seller refuses to permit him to do so." Sections 3643, 3644, Comp. Laws. The act of the agent, therefore, in permitting the defendants to test the running of the machinery, was not a delivery of the same; and in fact he is not shown to have had any authority to deliver the same without the execution and delivery of the notes and mortgage stipulated for in the order for the machinery, and any delivery by the agent without such condition being complied with would not have been binding upon the plaintiff. The court therefore ruled correctly in holding that there was no delivery of the machinery under the undisputed facts proven. If there was no delivery, the defendants were wrongfully withholding from the plaintiff this property, and the claim of the defendants that they were entitled to have the question of the

540    J. I. Case Thresh. M. Co. *v.* Eichinger *et al.*

Opinion of the Court—Corson, J.    .·' [15 S. D.

value of the use of the new machinery for the three days it was held by the sheriff submitted to the jury is without merit, and need not be further considered. The value of the use of the old rig for the 14 days having been stipulated, there was no issue to be submitted to the jury, as the question, were the defendants entitled to have the amount of damage sustained by them for the use of the old rig allowed them in this action? was one of law under the undisputed facts. The proper rule is thus stated in a recent case by the supreme court of Nebraska: "Where the evidence in the case is neither conflicting nor contradictory, and is not of such a nature as to warrant different conclusions by reasonable men, and but one rational conclusion can be drawn therefrom, it becomes proper for a trial judge to treat the case as having been resolved into questions of law, and to suitably instruct the jury accordingly." Rogers v. Marriott, 59 Neb. 759, 82 N. W. 21. The court therefore committed no error in discharging the jury and holding the questions of law under advisement, instead of directing a verdict.

This brings us to the last question presented, viz., did the court err in holding that the defendants were not entitled to counterclaim the damages sustained by them by reason of their delivering the old rig 14 days before the new machinery arrived? We shall assume for the purpose of this decision that the agent induced the defendants to deliver to him the old rig by falsely representing to them that the new machinery was shipped and on the road, and would arrive within a day or two, as testified by the defendants. It was not shown that the agent had the authority to make such a representation, either actually or ostensibly, or that the plaintiff, with knowledge that said old rig had been delivered, ratified the action of the agent. Without such evidence the defendants had no claim for damages that they could enforce against the plaintiff. This question was so

fully discussed in Schull v. New Birdsall Co., *supra,* that a further consideration of it seems unnecessary. Nicholas v. Bruns, 5 Dak. 28, 37 N. W. 752. The local agent at Clear Lake was a special agent to solicit orders for threshing machinery for the plaintiff, and it was shown by the plaintiff by undisputed evidence that he not only had no authority to make representations upon this subject, but that he was prohibited from doing so. The language of his instructions was." Do not agree to deliver a machine on any particular day. We do not guaranty delivery in any case." The local agent being a special agent, it was the duty of the defendants, before delivering the old rig to him before the new machinery had arrived, to ascertain the extent of his authority. In our judgment, the court ruled correctly in holding that the damages claimed could not be deducted from the plaintiff's lien which they sought to enforce under the provisions of section 3620, Comp. Laws, which reads as follows : "If a buyer of personal property does not pay for it according to contract, and it remains in the possession of the seller, after payment is due, the seller may rescind the sale, or may enforce his lien for the price in the manner prescribed by the title on liens." See, also Section 4439, Id.

Finding no error in the record, the judgment and order of the circuit court denying a new trial are affirmed.