# KENNEDY v. AGRICULTURAL INSURANCE COMPANY OF SIOUX FALLS.

Where, before the expiration of the time for the presentment of proofs of loss, the insurer denies any liability on the ground of unauthorized additional insurance, proofs of loss are waived.

Where, on appeal, it appears that there was only one question for the jury, it will be assumed, in the absence of the charge, that only such question was submitted.

Where a fire policy provided that it should be void in case of other insurance on the property at the time of the issuance of the policy, and, at the time, the insurer itself was, by re-insurance, carrying other insurance on the property, it was estopped from asserting the existence of such other insurance for the purpose of avoiding the policy in question.

Where, after a case had been noticed for trial, plaintiff was permitted to file an amended complaint, and defendant answered the same, there was no reversible error in denying a motion to strike the cause from the calendar and·to put the cause over the term on the ground that it was not at issue when the notice of trial was served, it not appearing that defendant was taken by surprise or would be unable to try the cause on account of the amendment.

Where an insurance policy is so drawn as to be ambiguous, or to require interpretation, or ,to be fairly susceptible of different constructions, so that reasonably intelligent men might honestly differ as to its meaning, that construction is to be adopted which is most favorable to the insured.

Where a tornado policy provided that it covered all the buildings of insured, except those covered with a board roof, it covered a building the roof of which was in part board and in part shingle.

(Opinion filed, December 19, 1906.)

Appeal from Circuit Court, Faulk County.   Hon. LORING E. GAFFY, Judge.

An Action by Michael Kennedy against the Agricultural Insurance Company of Sioux Falls, S. D.   From a judgment in favor of plaintiff, defendant appeals.   Affirmed.

*Joe Kirby,* for appellant.

Parties to policies may name their own conditions, and such conditions must have effect whenever a case for which they provide may arise.   Phoenix Ins. Co. v. R. R. Co., 28 Ohio State 83; Allen v. German-American Ins. Co., 25 N. E. 309; Havens v. Ins. Co., 111 Ind. 90, 12 N. E. 137; Insurance Co. v. Lamar, 106 Ind.

513, 7 N. E. 241; McGowan v. Insurance Co., 54 Vt. 211; Supple v. Insurance Co., 58 Iowa 29, 11 N. W. 716; Chase v. Hamilton Ins. Co., 20 N. Y. 54; Osborn v. Martin, 4 S. D. 303. Where a policy contains a clause forfeiting it for other insurance without the consent of the insurer, and the proofs show the existence of other such insurance, the plaintiff should be nonsuited—no other evidence being necessary. New York Central Ins. Co. v. Watson, 23 Mich. 486. Other insurance under policies containing clauses similar to that in the case at bar render them void. Hughes v. Insurance Company of North America, 59 N. W. 112; Zimmerman v. Home Ins. Co., 42 N. W. 462; Warwick v. Monmouth Co. Ins. Co., 12 Vroom 83, 43 Am. Rep. 343; Phoenix Ins. Co. v. M. S. & N. I. R. R. Co., 28 Ohio St. 69; Washington Ins. Co. v. Hayes, 27 Ohio St. 432; Smith v. Continental Ins. Co., 6 Dak. 433.

*Frank Turner,* for respondent.

This waiver of notice and proof of loss arises by operation of law from the fact of defendant's denying its liability on other grounds—that of double insurance. Parker v. The Amazon Insurance Co., 34 Wis. 363; McBride v. Republic Fire Insurance Co., 30 Wis. 562; Angrier v. Western Insurance Co., 10 S. D. 82; Faust v. American Fire Ins. Co., 30 L. R. A. 783; German Insurance Co. v. Gueck, et al, 6 L. R. A. 835. The acts or declarations of a secretary are held to be waivers. Tiefenthal v. Citizens Mut. Fire Ins. Co., 53 Mich. 306; Wilson v. Mutual Fire Insurance Co., 174 Pa. St. 554; Morrison v. Wisconsin Odd Fellows Mut. Fire Insurance Co., 59 Wis. 166; Bourgeoin v. Mutual Fire Insurance Co., 86 Wis. 404; Moffat v. Reliance Mutual Insurance Co., 45 U. C. Q. B. 561.

HANEY, J. This action is on an insurance policy alleged to have been issued by the defendant. On November 21, 1902, the defendant answered the complaint. On March 5, 1903, both parties noticed the cause for trial and filed notes of issue. Subsequently the plaintiff served notice of motion for leave to file an amended complaint with a copy of the proposed amended pleading. On June 17, 1903, this motion was granted and defendant an-

swered.   The cause then being called for trial, defendant moved that it be stricken from the calendar and go over the term, for the reason that it was not at issue when the notice of trial was served, the issues having been changed.   No statement or claim was made that defendant was taken by surprise or would be unable to try the cause on account of the amendment.   The overruling of this motion was not reversible error.   J. I. Case Threshing M. Co. v. Eichinger, 15 S. D. 530, 91 N. W. 82.

The allegations of the amended complaint are in substance as follows:  (1) That the defendant is an insurance corporation existing under and by virtue of the laws of this state;  (2) that on June 10, 1902, the defendant, for a valuable consideration, executed and delivered to the plaintiff its policy of insurance, whereby it insured a certain frame barn, then owned by the plaintiff, against loss or damage by fire, lightning, and tornado, to the extent of $350, for the period of three years from and after June 9, 1902;  (3) that thereafter, while such policy was in force, on July 31, 1902, the property so insured was entirely destroyed by a tornado;  (4) that immediately thereafter, and more than 60 days prior to the commencement of this action, plaintiff gave to the defendant the usual and necessary notice and proof of loss, and that, upon receiving notice of said loss, defendant sent its adjuster to examine and adjust said loss, that thereupon defendant waived further proof of loss;  and (5) that defendant has wholly failed and refused to pay said loss or any part thereof, and that there is now due and owing to plaintiff thereon the sum of $365, together with 7 per cent. interest thereon from September 30, 1902.   Defendant's answer denies every allegation of the amended complaint not expressly admitted, expressly admits defendant's corporate existence, and alleges:  "That the policy of insurance issued by this defendant to the plaintiff was issued upon a representation and warranty, on the part of said plaintiff to this defendant, that there was no other insurance upon said property and that said policy contained the following provision and limitation, to-wit:  'This policy shall be null and void if additional insurance is obtained without the written consent of this company [defendant in this action].'   That,

contrary to the terms of said representations and warranty, and contrary to the terms of said policy, said plaintiff had procured, and there was at all times mentioned in the pleadings in this action, additional insurance upon said property, which additional insurance was obtained without the written consent of this company and without its consent in any manner."

Numerous rulings on the admission of evidence, tending to prove the issuance of the policy and a waiver of proofs of loss, and certain remarks of the learned circuit judge in connection therewith, are claimed to have been erroneous. If there was any error in these rulings or remarks it was harmless. · No testimony was offered by the defendant. From that introduced by the plaintiff, without objection, or to which no valid objection was interposed, it clearly appeared that the policy was issued as alleged; that the insured property was damaged by a tornado; that it was owned by the plaintiff when insured and when damaged; and that proof of loss was waived by defendant's denial of any liability on the ground of unauthorized additional insurance. All the material facts were undisputed. If defendant's motion for a direction of the verdict was properly overruled there was only one question for the jury, namely, the amount of plaintiff's damages, and, in the absence of the court's charge, it will be assumed none ·other was submitted. No objection is made to the amount of the verdict, or question raised as to the sufficiency of the evidence to sustain it. Such being the situation, errors, if any were committed with respect to the introduction of testimony touching issues other than the measure of damages and remarks of the court in connection with such ruling, cannot be regarded as prejudicial to any of the defendant's substantial rights, and the only matter meriting further attention is the overruling of defendant's motion for a directed verdict.

The grounds of such motion now relied upon relate to additional insurance and construction of the insured property. So far as necessary to an understanding of the questions involved, the policy reads as follows: "The Agricultural Insurance Co. * * * in consideration of the stipulations hereinafter named and $78 of premium does insure Mr. Michael Kennedy * * * against direct

loss or damage by fire, lightning, and tornado (except as herein-after provided) to the amount not exceeding $3,250.00 to the following described property * * * to-wit: $250 on dwelling house; * * * $350 on barn, including foundation, marked No. 2 in diagram; $300 on work horses and mules; * * * $150 on unbroken horses; * * * $200 on cattle and colts; * * * $2,000 on sheep. * * * For further particulars express reference is made to the application, bearing even number with this policy, now on file with the Agricultural Insurance Company, which hereby forms a part of this policy, and is made a warranty by the said assured. * * * This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy. * * * This policy does not cover against loss or damage by tornadoes, cyclones, and windstorms to temporary buildings, buildings in course of construction, buildings provided with board, hay or straw roofs, buildings that are allowed to remain out of repair, or to hay and grain in stacks, or to wagons, buggies, or farm machinery not under cover." The application contained the following: "Give size, height, age and full description of buildings on which indemnity is asked: Barn and shed No. 2, length, 250 feet; width, 28 feet; height, 6 feet; years old, 3; kind of foundation, blocks; is building brick, stone or frame, frame; kind of roof, board, 32 feet on one side shingled; special condition and state of repairs of each building, good. * * * Q. Is there any other insurance on above property? If so, give names of companies and amount of insurance. A. No." The construction of the barn, as shown by the evidence, was substantially the same as given in the application. It was established by the evidence that another insurance company having its principal place of business at Redfield, in this state, issued its policy, covering the plaintiffs barn, whereby it insured the same against loss or damage by fire, lightning, and tornado, for the term of five years beginning November 14, 1899; that on April 7, 1900, this policy or risk was reinsured by the defendant; that the application upon which it was issued and the unpaid premium note were then delivered to the defendant, and

that the secretary of the defendant, in writing, acknowledged receipt of the same. In other words, when the policy sued on was issued, the defendant itself had been carrying the other insurance, by reason of which it seeks to avoid liability, for more than two years. With the application and premium note given for the other insurance in its possession, with full actual knowledge of all the facts concerning the same, defendant accepted plaintiff's cash and premium note and issued its policy. In view of these undisputed facts neither argument nor citation of authorities is required to support the conclusion that defendant should be estopped from asserting the existence of this other insurance for the purpose of avoiding its policy. Surely it cannot be heard to say that it intended to defraud the plaintiff.

Whether the other ground of defendant's motion was tenable depends upon whether the barn was insured against loss or damage by tornadoes. Clearly, all the property described in the policy was insured against loss or damage by fire and lightning, and all of it was insured against loss or damage by tornadoes, except as provided in the policy itself. One who relies upon an exception must show that his case falls within the terms of the exception. The rule is well settled that, when an insurance contract is so drawn as to be ambiguous, or to require interpretation, or to be fairly susceptible of two different constructions, so that reasonably intelligent men on reading the contract would honestly differ as to the meaning thereof, that construction will be adopted which is most favorable to the insured. Imperial Ins. Co. v. County of Coos, 151 U. S. 452, 14 Sup. Ct. 379. Here the exception was "buildings provided with board roofs." The roof of plaintiff's barn was in part "board" and in part "shingled." It was so described in the written contract consisting of the policy and application. All the property by the general terms of the policy was insured against loss or damage by tornadoes. The exception was buildings provided with board roofs, not buildings provided in whole or in part with board roofs. Therefore, plaintiff's building, not being within the terms of the exception, was insured against tornadoes, and defendant's motion for a directed verdict was properly over-

ruled.  And it may not be improper to observe that this interpre-
tation of the contract evidently accords with the original under-
standing. of the parties, the plaintiff having given immediate notice
of the injury to his barn, and the defendant having denied liability
on the sole ground of other unauthorized insurance.  The judgment
of the circuit court is affirmed.

> CORSON, J., not sitting.