RUBBER CORPORATION OF AMERICA, Respondent, v. BROOKS TIRE & BATTERY COMPANY
(Hoese, Intervenor and Appellant.)

(186 N. W. 953.)

(File No. 4971.  Opinion filed March 1, 1922.)

1. Sales—Auto Tires, Delivery With Request for Execution of Trade Acceptances, Non-execution of, Tires Demanded Back—Whether Title Passed—Whether Condition Re Title Waived—Facts Considered—Vendor's Lien, When Continuing.

Where auto tires were sent by vendor to and delivered to vendee together with bill of lading, and three "trade acceptances" dated on date of shipment and payable on future stated dates, with request that they be executed and returned to vendor, held, that the contention that, even though execution and return of acceptances was a condition precedent to passing of

title, yet delivery of goods under the circumstances waived the condition, is untenable; it appearing that prior to placing the order, defendant vendee advised vendor it would not settle with acceptances, vendor then refusing· to accept the order on other terms; the order on its face being subject to provisions on its back, which latter stated as terms three acceptances as per the acceptances forwarded; that the rule applicable, concerning passing of title, is: Where something is to be done by purchaser simultaneously with delivery, which has not been waived by delivering property without requiring it to be done, delivery is conditional, and does not become complete so. as to change right of property until condition complied with, this although vendee got possession; since possession so gained is obtained under expectation by vendor that .contract will be complied with, and vendor does not thereby part with his lien on the property.

**2. Same—Successive Demands For Execution of Acceptances, No Responses, Demand For Return of Goods Sixty Days After Shipment, Suit Immediately Thereafter, No Intervening Rights Or New Credit Extended—Whether Vendor's Property Right Waived.**

Nor did vendor waive its property rights in the goods so sold and delivered, by virtue of failure to demand back the goods until some sixty days after shipment; it appearing that successive demands by letter that the acceptances be executed and returned, were received by vendee during the interim, to none of which did it reply, vendor's manager having charge of the transaction having been absent from his office in distant states, and not kept advised in regard thereto, and not knowing until his return that acceptances had not been executed and returned. So held, the contract providing that the acceptances were to be executed and returned on receipt of bill of lading; that title did not pass, and plaintiff was entitled to return of goods upon such demand; this as between plaintiff vendor in claim and delivery and a temporary receiver of vendee whose rights accrued after such demand, and who intervenes.

Appeal from Circuit Court, Minnehaha County. Hon. Louis L. Fleeger, Judge.

Action by the Rubber Corporation of America, a corporation, against the Brooks Tire & Battery Company, a corporation; William Hoese, Temporary Receiver, intervening; in claim and delivery for recovery of auto tires sold by plaintiff to defendant corporation. From a judgment for plaintiff, and from an order denying a new trial, Hoese appeals. Affirmed.

*Albert J. Keith,* and *Michael G. Luddy,* for Appellant.
*Davis, Lyon & Bradford,* for Respondent.

(1)   To point one of the opinion, Respondent cited: Daugherty v. Fowler (Kas.), 25 Pac. 40; J. I. Case Threshing Machine Co. v. Eichinger (S. D.), 91 N. W. 52.

(2)   To point two, Appellant cited: Backentoss v. Speicher, 31 Pa. 324; Frech v. Lewis, 67 Atl. 45; 1 Benj. on Sales, Secs. 351-356.

POLLEY, J.   Plaintiff in this action shipped certain merchandise to the defendant at Sioux Falls with the understanding and upon the condition that settlement was to be made by trade acceptances dated on the date of the shipment, and payable, one-third April 10, one-third May 10, and one-third June 10, 1921. Plaintiff forwarded the bill of lading together with the three trade acceptances, and requested defendant to execute same and return them to plaintiff upon receipt of the bill of lading. Defendant received the bill of lading and took and retained the merchandise, but failed to execute the acceptances. Plaintiff, claiming that under the conditions of the transaction title to the merchandise was not to pass until the trade acceptances were executed and returned, demanded a return of the merchandise and upon refusal by defendant to return the same, commenced this action for the recovery of the possession thereof. Within a day or two after the commencement of this action a second action was commenced against the defendant, in which the appellant, William Hoese, was appointed receiver of the property of defendant. Said Hoese was allowed to intervene in this action, and the contest appears, to have been between him and plaintiff. Findings and judgment were for plaintiff, and Hoese appeals.

[1]   It is contended by Appellant, First. That even though the execution and return of the trade acceptances was a condition precedent to the passing of the title, the delivery of the goods under the circumstances of this case was a waiver of the condition, and title fully vested in defendant upon delivery of the merchandise. This contention is not supported by the facts. Prior to the placing of the order defendant advised plaintiff that it did not wish to make settlement with trade acceptances, but plaintiff refused to accept the order on any other terms, and the order placed by defendant reads as follows:

"We hereby order for shipment January 1, 1921, or as soon thereafter as you can conveniently make same to us for our account, at the prices given below subject to the provisions and conditions stated on the back hereof and to which we agree, the following merchandise. * * *"

And on the back of the order is the following:

"No. 1. Terms of settlement for shipments made hereunder are by acceptances dated the date of shipment and payable one-third April 10, one-third May 10, one-third June 10, 1921, interest at rate of 9 per cent. per annum allowed for anticipation."

The law is well settled that title to goods shipped upon the above terms and conditions does not vest in the consignee upon delivery, even though the bill of lading is forwarded to the consignee at the time of making shipment, and in this case title remained in the plaintiff after delivery.

"Where something is to be done by the purchaser simultaneously with the delivery, which has not been waived by delivering the property without requiring it to be done, the delivery is conditional, and does not become complete so as to change the right of property until the condition is complied with, although the vendee get the possession of the goods; for possession in such case is obtained under an expectation on the part of the vendor that the terms of the contract will be complied with, and the vendor does not thereby part with his lien upon the property." Russell v. Minor, 22 Wend. (N. Y.) 659, and, cases cited. J. I. Case Threshing M. Co. v. Eichinger, 15 S. D. 530, 91 N. W. 82.

[2] But it is contended by appellant that plaintiff by its conduct after the delivery of the goods waived its right of property and acquiesced in defendant's claim of ownership in the property. What constitutes a waiver depends upon the conduct of the parties and the circumstances of each particular case. In this case there were no intervening rights of third parties between the time of the delivery and the commencement of the action. No credit had been extended to the defendant because of defendant's apparent ownership of the merchandise, nor had the condition of any party been changed thereby. The goods were shipped about the last of December, 1920, subject to the terms and conditions above set out. They reached the defendant at Sioux Falls about

the 1st of January, 1921. The defendant failed to forward the acceptances as provided for by the terms of the sale, and on the 11th day of January plaintiff wrote defendant, demanding the acceptances. To this letter defendant made no reply. On the 26th day of January plaintiff again wrote demanding said acceptances, and again defendant made no reply. On the 4th day of February plaintiff again wrote defendant, demanding said acceptances, but with no better results. From about the time of this last letter until the 1st of March plaintiff's manager, who had charge of this transaction, was absent from his office in the states of Oklahoma and Texas attending to other matters, and does not appear to have been kept posted in regard to the transaction with defendant, and did not know until his return to his place of business in Kansas City, Mo., that defendant had failed to forward said acceptances. Upon his return about the 1st of March, and learning that said acceptances had not been forwarded, he at once went to Sioux Falls, notified defendant that plaintiff rescinded the agreement to sell, and demanded a return of the goods, and, upon being refused, immediately commenced this action. While a period of something more than 60 days was allowed to elapse from the time of the shipment until the demand was made for a return of the goods, there was no act or intimation on the part of plaintiff that it intended to waive any of its rights under the contract. The contract provided that the acceptances were to be executed and returned on receipt of the bill of lading. After waiting a reasonable time for this to be done, and not receiving such acceptances, plaintiff wrote and demanded that they be forwarded. This demand was not complied with and plaintiff made two subsequent demands at intervals of about 10 days. To none of these demands did defendant make any reply whatever, and did not make known its intention not to comply until the personal demand was made by plaintiff on the 3d day of March. Refusal was then made for the first time, and plaintiff immediately commenced this action. Under all these circumstances it cannot be said as a matter of law that title to the merchandise involved ever passed to defendant, and plaintiff was entitled to a return thereof when the demand was made. Daugherty v. Fowler, 44 Kan. 628, 25 Pac. 40, 10 L. R. A. 314; Hirschhorn v. Canney, 98 Mass. 149; Armour v. Pecker, 123 Mass 143;

Salomon v. Hathaway, 126 Mass. 482; Thorpe v. Fowler, 57 Iowa, 541, 11 N. W. 3.

The judgment and order appealed from are affirmed.